FILED

1  ERIC C. KASTNER (SBN 53858)
   LUIS V. GARCIA (SBN 154861)
2  KASTNER | BANCHERO LLP
   2465 E. Bayshore Rd., Ste. 405
3  Palo Alto, CA 94303
   Tel.: (650) 967-7854
4  Fax: (650) 320-9640

C 7 MAY 31 PM 3:30

RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5  Attorneys for Plaintiff
   DANIEL GRUMLEY

E-Filing

6

7

8              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
9                SAN FRANCISCO DIVISION

10  DANIEL GRUMLEY,                    Case No.  C 07 2849

11                  Plaintiff,         COMPLAINT FOR:

12  v.                                 1  Declaratory Relief.
                                       2  Breach of Contract.
13  THE HIGHER GEAR GROUP, INC.        3  State Labor Code Violations.
                                       4  Promissory Estoppel.
14                  Defendant.         5  Accounting.
                                       6  Wrongful Termination.
15

16                                     DEMAND FOR JURY TRIAL
17

18                                     BY FAX
19

20                    **NATURE OF THE ACTION**

21      1.      This is an action arising out of the termination of Plaintiff DANIEL GRUMLEY's

22  ("**GRUMLEY**" or "**Plaintiff**") employment with Defendant The Higher Gear Group, Inc.

23  ("**THGG**" or the "**Company**" or "**Defendant**") in violation of Grumley's employment contract

24  for a specified term, and arising out of the Company's failure to fully or promptly pay Grumley

25  his vested wages, in violation of California laws.

26  ///

27  ///

28  
                                        1

1

## JURISDICTION AND VENUE

2      2.      This is an action between citizens of different States of the Unites States and the

3   amount in controversy exceeds $75,000. This court therefore has diversity jurisdiction over the

4   Plaintiff's claims and the parties pursuant to 28 U.S.C. § 1332.

5      3.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2), as a

6   substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7   Such events or omissions include, but are not limited to:  Plaintiff entering into the employment

8   contract with Defendant in this District; Plaintiff working as Defendant's employee in this

9   District; Defendant paying Plaintiff employment wages in this District; Plaintiff entering sales

10   contracts on Defendant's behalf and thereby earning commissions (wages), in this District; and

11   Plaintiff's termination of employment occurring in this District.

12

## THE PARTIES

13      4.      Plaintiff GRUMLEY is, and at all times mentioned herein was, a resident of Half

14   Moon Bay, California.

15      5.      Defendant THE HIGHER GEAR GROUP, INC., is a corporation doing business in

16   California.  Plaintiff is informed and believes that THGG is a company formed under the laws of

17   the State of Illinois with its principal place of business in Illinois.  THGG is in the business of

18   selling customer relationship management software to car dealerships as a tool to manage their

19   sales, as well as sales prospects, leads, and follow-ups.

20      6.      This court has personal jurisdiction over Defendant by virtue of its conducting

21   business in this judicial district through its contacts and the transaction of business in this judicial

22   district and its delivery into the stream of commence in this District products sold through

23   Plaintiff's labor for which Plaintiff has not been fully or promptly paid.  In addition, the

24   employment contract or contracts at issue were executed, performed and relied upon in this

25   judicial district and activities that gave rise to their breach by Defendant took place in this judicial

26   district.

27   ///

28

2

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL – Grumley v. The Higher Gear Group

## BACKGROUND FACTS

### *Grumley's Express Employment Agreement with THGG Was for a Specified Term and His Wages Included Commissions on THGG's Sales Made Within His Territory.*

7.     On April 30, 2004, THGG's Chief Executive Officer, Robert C. Gruen (hereinafter "**Gruen**" or the "**CEO**"), extended to Grumley on behalf of THGG a written offer for the position of Vice President of Sales Western Division (the "**4-30-04 agreement**"). Grumley accepted and was hired as THGG's Vice President of Sales Western Division as of May 17, 2004. The express terms of the 4-30-04 agreement provided Grumley with a non-performance-based annual salary of $200,000 plus commission payments of 4% of all of THGG's sales made within Grumley's assigned geographic territory, whether made by Grumley or otherwise by THGG. Under the terms of the 4-30-04 agreement, THGG also promised to provide Grumley and his family health benefits, to reimburse his travel expenses incurred on the Company's behalf, to provide one week of vacation after the first year and two weeks of vacation thereafter, and to pay for overnight stays away from Grumley's "home base" of Half Moon Bay.

8.     Accordingly, THGG agreed, among other things, to pay Grumley a Base salary of $200,000 per year (or $16,666.67 monthly) plus 4% sales commissions as additional wages, to provide medical benefits for Grumley and his family, to provide up to two weeks of vacation, and to pay Grumley's travel expenses. As alleged below, in 2005 and 2006 THGG prepared two written modifications to his employment agreement altering his sales territory and the formula for determining commissions; otherwise, however, the foregoing key terms remained constant through Plaintiff's THGG employment.

9.     In 2005, THGG's management reorganized the company including eliminating certain personnel, and reorganizing the sales territory of the remaining personnel. THGG's management retained Grumley, explaining to him that the reorganization was meant to eliminate those who were not generating income for the company and to reward those who like Grumley were generating revenue for the company.

10349747 bt 5/31/2007 2 16:37 PM

1    10.    On June 29, 2005, Gruen on behalf of THGG offered Grumley a modification to

2  his employment agreement (the "**6-29-05 agreement**") that, among other things, guaranteed his

3  employment for a specified term. The 6-29-05 agreement maintained Grumley's $200,000 Base

4  salary plus additional wages based upon commissions for sales in his sales territory, which

5  territory that agreement redefined. The 6-29-05 agreement also expressly guaranteed Grumley's

6  employment with THGG for 30 months, or until January 1, 2008. In relevant part the 6-29-05

7  agreement states (emphases in original agreement):

8            "[¶] . . . We started by giving you a non-performance based **guaranteed salary of**
             **$200,000**. I [Gruen] will not change this. I value you as an employee and need
9            you for the long hall [*sic*, haul]. There will be some changes in the next 1-7 days
             both central and eastern, but I need you to understand that you are still the key
10           element in the West to make The Higher Gear Group, Inc. successful. Based on
             your recent requests, I would like to extend to you an **employment guarantee for**
11           **30-months (Until January 1st, 2008)**. The Higher Gear Group, Inc. will
             guarantee this with production of only an average of [2 deals per year] deals closed
12           by you per year (this is less than your original pay plan). If you loose [*sic*, lose]
             your license, are guilty of a felony, or become unable to perform your duties as VP
13           of Sales this may also jeopardize your employment. The company must honor your
             guarantee in the case of a sale, management change, or moving in a different
14           direction regardless of what Robert C Gruen wants to do for that minute. Now you
15           can feel secure with The Higher Gear Group, Inc. as I feel secure with you."

16

17   11.    Hence, the Company expressly "guaranteed" Grumley employment until January 1,

18  2008. The 6-29-05 agreement constituted an agreement for employment for a specified term

19  within the meaning of California Labor Code sections 2922 and 2924. Those statutes expressly

20  provide that employment for a specified term is not considered to be "at will" employment, and

21  limit the circumstances in which an employer may legally terminate the employment of an

22  employee employed for a specified term. Cal. Labor Code §§ 2922 and 2924.

23   12.    Moreover, as quoted above, the 6-29-05 agreement says: "... If you loose [*sic*,

24  lose] your license, are guilty of a felony, or become unable to perform your duties as VP of Sales

25  this may also jeopardize your employment...." Such language expressly limits the circumstances

26  under which the Company could deem Grumley's employment "jeopardized." Necessarily, it also

27  limits THGG's power to terminate or take adverse employment actions against Grumley.

28

4

10349147 hl - 5/31/2007 2 16 32 PM

1  Grumley remained employed with THGG in reliance upon the Company's promises contained in
2  the 6-29-05 agreement, of job security and employment for a specified term.

3  ***Grumley, Discovering He Has Not Been Paid All Due Commissions, Demands Payment.***

4       13.    In or around June 2005, THGG underwent further internal reorganization and Jim
5  Knight ("**Knight**") was appointed Executive Vice President and Grumley's direct superior.

6       14.    Thereafter, Grumley was surprised to learn, THGG salespersons who also reported
7  to Knight began selling THGG software to clients in Grumley's contractually assigned sales
8  territory, but Grumley was not paid his contractual commissions for all such sales. Grumley
9  discovered such sales activity by viewing THGG's computerized internal sales tracking software
10  known as "Deal Tracker." He complained to Knight about not being paid such commissions, and
11  asked for an accounting of, and to be informed of, all such sales to ensure that his full commission
12  payments were made. Before so complaining to Knight, Grumley had full access to all sales
13  information on Deal Tracker. Knight promised Grumley he would look into the matter and
14  assured Grumley that THGG would pay him in full according to his contract. However, soon after
15  complaining to Knight and demanding payment of his wages, Grumley's authority to view all
16  sales information in his territory on Deal Tracker was revoked. On information and belief, Knight
17  took no action to investigate or pay Grumley his contractual wages but, instead, directed THGG's
18  operations manager to disable Grumley's full access to Deal Tracker in order to deny Grumley full
19  knowledge of the sales in his territory and the information necessary to compute his owed
20  commissions.

21       15.    On or about December 26, 2006, THGG required Grumley to sign an additional
22  agreement modifying the formula for Grumley's commission payments and reducing the size of
23  his sales territory (the "**12-26-06 agreement**"). The 12-26-06 agreement did not change
24  Grumley's employment for a specified term or his Base pay, and it did not reduce his other
25  benefits. The 12-26-06 agreement expressly reiterated that it was "in effect ... through January 1,
26  2008...," and that Grumley's pay remained "$200,000/year plus commission." The 12-26-06

27

28
                                                    5
COMPLAINT FOR DAMAGES, DEMAND FOR JURY TRIAL. – Grumley v. The Higher Gear Group

1  agreement also reiterated THGG's agreement to provide Grumley and his family medical benefits,

2  to give Grumley two weeks of vacation, and to pay Grumley's travel expenses.

3  *Grumley is Wrongfully Terminated In Breach of His Contract for a Specified Term, and is Not*

4  *Paid His Full Wages In Violation of California's Fundamental Public Policy.*

5  16.    THGG terminated Grumley's employment on May 2, 2007 as set forth below.

6  17.    Through May 2, 2007, Grumley met all terms and conditions of each of the 4-30-04

7  agreement, the 6-29-05 agreement, and the 12-26-06 agreement. In fact, during his THGG

8  employment Grumley posted over $8 million in sales revenue for the Company. He became

9  THGG's top seller of its customer relationship management software for the four months

10  immediately prior to his termination and, between the start of 2007 and May 2, earned

11  approximately $140,000 in commissions. His success reflected Grumley's extremely hard work

12  for THGG, including logging over 270 flights on THGG-related business travel in less than three

13  years and often foregoing vacations. Not surprisingly, THGG management lauded Grumley's

14  performance and sales techniques. For example, in early 2007, Knight publicly, in meetings with

15  Grumley and other THGG salespersons, praised Grumley's successes with THGG clients.

16  18.    On May 2, 2007, despite Grumley's success on behalf of THGG, Knight notified

17  Grumley that THGG was terminating his employment effective immediately. On information and

18  belief, THGG terminated Grumley's employment eight months early, in part, in retaliation against

19  Grumley's insistence that THGG pay him his full commissions (wages) based upon sales within

20  his territory, as hereinabove alleged. As of the date of his termination, Grumley had earned

21  $77,071 in unpaid commissions for products directly sold by Grumley, and he accrued four and

22  three-quarter (4 ¾) days of vested, unused vacation days. He was also owed an unknown amount

23  for vested commissions on THGG's sales within his territory of which, as alleged above, THGG

24  kept Plaintiff unaware.

25  19.    THGG's termination of Grumley's employment eight months before the January 1,

26  2008 expiration of his contractual term breached THGG's employment agreement with Grumley

27  for a specified term. THGG further breached the terms of its employment agreement with

28

6

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL – Grumley v. The Higher Gear Group

1 Grumley for the additional reason that the 6-29-05 agreement identified (as quoted above) the
2 conditions under which THGG may deem Grumley's employment "jeopardized," but at the time
3 of Grumley's termination none of those conditions existed.

4     20.     California Labor Code § 201 requires an employer to pay an employee all earned
5 and unpaid wages immediately upon his involuntary discharge. THGG violated Labor Code § 201
6 by refusing or willfully failing to pay Grumley's full commissions (wages) for the sales made in
7 his territory, as alleged above, and by failing to pay him for any of his vested, accrued and unused
8 vacation days. THGG's willful failure to pay Grumley's due and payable wages also violates
9 California Labor Code §§ 203 (requiring payment of wages without abatement) and 216 (requiring
10 the prompt payment of all wages).

11 **First Cause of Action**

12 **(Declaratory Relief)**

13     21.     Plaintiff refers to and hereby incorporates by this reference Paragraphs 1 through
14 20 above as though fully set forth herein.

15     22.     An actual controversy has arisen and now exists between Plaintiff Grumley and
16 Defendant THGG concerning Grumley's contractual rights under the terms of his employment
17 contract with THGG, concerning his right to continued employment through the 30-month term
18 stated in the contract, and by THGG's supposed insistence that it is entitled to terminate Plaintiff's
19 employment before the end of such contractual term. THGG's refusal to employ and pay Plaintiff
20 for the full contractual term violates the terms of Grumley's employment agreement as well as
21 California Labor Code §§ 2922 and 2924 and the strong public policy of California to protect its
22 workers as expressed therein. Additionally, THGG's denial of Grumley's full wages further
23 violates California Labor Code §§ 201, 203 and 216, and the strong public policy of California as
24 expressed in each of those statutes.

25     23.     By its actions, THGG has willfully attempted to deny Grumley his rights under his
26 employment agreement (and its modifications) including his right to employment through the term
27 of the contract, his right to payment of salary, commissions and benefits through the term of the

28

7

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL. – Grumley v. The Higher Gear Group

1   contract, and his right to payment of wages due. THGG has taken such measures willfully, in
2   order to delay and/or evade its legal obligations to employ Grumley and/or to pay him the wages
3   he has earned, as well as to delay and/or evade its obligations under its employment agreement
4   (and modifications thereof), all in violation of California Labor Code §§ 201, 203, 216, 2922 and
5   2924.

6       24.     Plaintiff desire a judicial determination that, under the terms of his employment
7   agreement with THGG, and under Labor Code §§ 2922 and 2924, Grumley is entitled to fulfill the
8   term of his contract of employment with full payment thereof.

9       25.     Plaintiff further desires a judicial determination that THGG's refusal to pay his
10  wages earned under his employment agreements (or modifications thereof) is violative of Plaintiff'
11  rights pursuant to California Labor Code §§ 201, 203, and 216.

12      26.     Pursuant to California Code of Civil Procedure § 1060, a judicial declaration is
13  necessary and appropriate at this time under the circumstances in order that Grumley may
14  ascertain his legal rights with respect to the Employment Agreement. Plaintiff will suffer severe
15  financial burdens from the continued uncertainty as to his rights and duties. Plaintiff has no other
16  existing speedy, accurate or proper remedy other than that prayed for by which the rights of the
17  parties hereto may be determined.

18                           **Second Cause of Action**

19                             **(Breach of Contract)**

20      27.     Plaintiff refers to and hereby incorporates by this reference Paragraphs 1 through
21  26 above as though fully set forth herein.

22      28.     Plaintiff has performed all conditions, covenants, and promises required by him to
23  be performed in accordance with his employment agreement with THGG and in accordance with
24  his duties as an employee.

25      29.     Defendant THGG has breached the terms of the employment agreement (or
26  modifications thereof) by refusing to pay Grumley and to continue his employment for the full
27  terms of his written contract, which was for 30 months ending January 1, 2008. Instead of

28
                                                8

1    honoring the contract, THGG terminated Grumley eight months early, on May 2 2007, in violation

2    of his employment contract.

3      30.    THGG additionally violated the contract by terminating Grumley despite his strong

4    performance for THGG demonstrating the conditions stated in the 6-29-05 agreement to

5    "jeopardize" his employment had not been met.

6      31.    In addition to terminating Grumley in violation of the agreement, THGG also failed

7    to pay Grumley all wages due to him as commissions under the contract. As set forth above,

8    Grumley was entitled to payment of $77,071 in commissions at the time of his termination;

9    however Grumley was instead paid only $38,538, barely half the commission wages owed to him.

10    THGG also failed to pay Grumley all contractual vacation pay due to him. THGG's actions

11    violated Labor Code §§ 201, 203, 206, and 216.

12      32.    Grumley has additionally been damaged in an additional amount of at least

13    $298,284 for estimated lost sales commissions through the end of 2007 denied him due to

14    THGG's premature termination of his employment. His 2007 Quarterly commission earning

15    through May 2 averaged $140,000. His termination nearly three Quarters before the end of the

16    term of his contract thus cost Plaintiff at least $298,284 in lost commissions.

17      33.    Pursuant to Labor Code §§ 218.5 and 218.6, Plaintiff requests a judgment against

18    defendant in the amount of Plaintiff's reasonable attorney's fees and costs, and interest on all due

19    and unpaid wages at the legal rate.

20      34.    As a result of THGG's breach of the Employment Agreement, Plaintiff Grumley

21    has been damaged in at least the amount of $465,153 (including earned and vested unpaid

22    commissions, eight months' salary, and lost sales commissions), plus interest thereon, and

23    statutory penalties and attorneys' fees, costs and expenses, which will be established at trial.

24                        **Third Cause of Action**

25                **(California Labor Code Violations)**

26      35.    Plaintiff refers to and hereby incorporates by this reference Paragraphs 1 through

27    34 above as though fully set forth herein.

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL    Grumley v. The Higher Gear Group

36. Defendant's refusal to employ and pay Grumley through the end of the term of his employment contract (January 1, 2008) violates California Labor Code §§ 2911 and 2924, as set forth above.

37. Defendant's refusal to pay Plaintiff his contractual wages constitutes a willful refusal to pay Plaintiff his earned wages inasmuch as commission pay constitutes wages under California law's broad interpretation of wages. (*E.g., DLSE v. UI Video Stores, Inc.* (1997) 55 Cal.App.4th 1084, 1091 ("[T]he term 'wages' should be deemed to include not only the periodic monetary earnings of the employee but also the other benefits to which he is entitled as part of his compensation").)

38. Defendant's actions have thus violated California Labor Code §§ 201, 203, 206, 216, 2922 and 2924.

39. As a result of Defendant's failure to pay Plaintiff vested and earned wages, as hereinabove alleged, Plaintiff has been damaged in the amount of $465,153, plus interest thereon, and statutory penalties and attorneys' fees, costs and expenses, which will be established at trial.

40. Pursuant to California Labor Code §§ 218.5 and 218.6, Plaintiff requests a judgment against Defendant in the amount of Plaintiff's reasonable attorney's fees and costs, and interest on all due and unpaid wages at the legal rate from the date of breach until actually paid. Plaintiff additionally requests judgment against Defendant of an additional $555.56 daily, up to $16,666.67, pursuant to Labor Code § 203 authorizing payment of civil penalties, for willfully failing to promptly pay wages, of one day's wage for each day of non-payment up to 30 full days.

## Fourth Cause of Action

### (Promissory Estoppel)

41. Plaintiff repeats and realleges Paragraphs 1 through 40 above as though fully set forth herein.

42. As set forth above and incorporated herein, in 2005 and 2006, Defendant made written representations to Grumley, as hereinabove alleged, that he was entitled to remain employed with the Company through January 1, 2008, at the above-described terms including

10

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL – Grumley v. The Higher Gear Group

1   $200,000 annual base pay, plus commissions, family health benefits, travel expenses and other
2   benefits and wages. As also alleged above, Defendant, through its employees and agents, made
3   oral representations to Grumley to investigate and rectify each failure to pay Grumley his
4   contractual commission wages for sales made by others within his assigned territory. In making
5   each such representation, Defendant knew or should have known that Plaintiff would be
6   reasonably induced to rely upon them by continuing to provide services to THGG as an employee,
7   as set forth above. In addition, Plaintiff also gave up an did not pursue various other employment
8   prospects after the Company "guaranteed" him 30 months of employment in June 2005.

9       43.    Plaintiff reasonably relied upon Defendant's oral and written representations and
10  was induced to continue to provide such services to THGG and to forego other opportunities, as
11  set for above.

12      44.    As alleged above, Defendant has failed to perform according to its representations
13  to Plaintiff. As a result of Defendant's failure to perform according to its representations, Plaintiff
14  Grumley has been damaged in the amount of $465,153, plus interest thereon, and statutory
15  penalties and attorneys' fees, costs and expenses, which will be established at trial.

16                              **Fifth Cause of Action**

17                                 **(Accounting)**

18      45.    Plaintiff repeats and realleges Paragraphs 1 through 44 above as though fully set
19  forth herein.

20      46.    As alleged above, THGG and Grumley entered into an employment relationship by
21  virtue of which THGG became indebted to Grumley for wages earned including 4% commissions
22  on the sale of all THGG products within Grumley's contractually designated territories, pursuant
23  to the terms of the 4-30-04 agreement, the 6-29-05 agreement, and the 12-26-07 agreement.
24  Although THGG changed the size of Grumley's sales territory changed over time, THGG was at
25  all times contractually obligated to Grumley for contractual percentage of all sales occurring
26  within his territory.

27

28
                                              11
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL – Grumley v. The Higher Gear Group

1      47.    THGG. through Gruen and Knight, agreed to pay Grumley all commissions so

2  vested. As set forth above, Grumley brought to the attention of his THGG superior, Knight, his

3  discovery that he was not being paid commissions for all sales in his territory, requested an

4  accounting of all such sales and demanded commission payments for same under the terms of his

5  agreement with THGG. Knight refused to provide such an accounting, while the Company cut off

6  Grumley's access to the relevant sales data.

7      48.    As a result of the aforementioned conduct, Defendant THGG has received money, a

8  portion of which is due to Grumley as commission wages, from the sales of THGG products

9  within Grumley's contractually assigned sales territories, as those territories are defined or

10  incorporated in each of the 4-30-04, the 6-29-05, and the 12-26-07 agreements.

11     49.    Plaintiff has performed all terms and conditions of his employment agreement with

12  Defendant and has no means of ascertaining the exact amount of money (wages) owed to him by

13  Defendant. Plaintiff has demanded an accounting of the aforementioned sales from Defendant

14  and payment of the amount found due, but Defendant has failed and refused, and continues to fail

15  and refuse, to render such an accounting and to pay such sum

16     50.    The amount of money due from Defendant to Plaintiff is unknown to Plaintiff and

17  cannot be ascertained without a full and complete accounting of all sales transactions made by

18  THGG during the term of Plaintiff's employment contract within Plaintiff's assigned geographic

19  territories, from which Grumley's percentage commissions will be established.

## Sixth Cause of Action

### (Wrongful Termination)

22     51.    Plaintiff repeats and realleges Paragraphs 1 through 50 above as though fully set

23  forth herein.

24     52.    Grumley was employed by THGG as alleged above, and performed all the material

25  requirements of his position.

26     53.    On May 2, 2007, the Company wrongfully terminated Grumley's employment.

27  The termination of Grumley's employment was wrongful and in violation of public policy,

28

12

10349747.41 5/31/2007 2 16 37 PM

1 because it breached the terms of Plaintiff's express employment contract for a specified term,
2 hence violating the State's public policy as articulated in California Labor Code §§ 2922 and
3 2924. The termination of Grumley's employment was also wrongful and in violation of public
4 policy, because it was in significant part done in retaliation for Grumley having complained about
5 the Company's failure to pay his commission wages promptly or in full and for his demand to be
6 paid in full. Grumley's complaint about the non-payment of vested wages due to him, was a
7 substantial motivating factor in the Company's decision to fire him. Furthermore, the Company
8 was seeking to avoid the payment of "wages" it was contractually obligated to pay.

9     54.   Ensuring employees are fully and promptly paid wages is a fundamental public
10 policy issue under California statutory and common law. By complaining to THGG management
11 about its failure to pay him his full wages earned under his employment agreement Grumley was
12 engaging in protected activity under State law. Furthermore, the "wages" owed under contract
13 were protected by State law and the Company's actions were intended to violate this law and
14 prevent the "wages" owed.

15     55.   The Company took the actions complained of against Grumley in retaliation for
16 having complained about the nonpayment of his vested wages, for his having demanded payment
17 of the same, and to avoid lawful payment of wages. As a proximate result of the Company's
18 wrongful conduct, Grumley has suffered loss of income and loss of intangible job benefits,
19 emotional distress, pain and suffering, and mental anguish, all in an amount not yet calculated, all
20 in amounts above the jurisdictional minimum of this Court, to be proven at trial. Grumley will
21 seek leave of the court to plead the true amount of his damages once they are fully ascertained.

22     56.   The acts of the Company in wrongfully terminating Grumley were willful, wanton,
23 malicious, and oppressive, and justify the awarding of exemplary and punitive damages in an
24 amount to be proven at trial. The Company and its agents/employees or supervisors, authorized,
25 condoned, and ratified the unlawful conduct of each other. The Company acted for the purpose of
26 causing Grumley to suffer financial loss and severe emotional distress and physical distress and
27 are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

28

13

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL – Grumley v. The Higher Gear Group

1    WHEREFORE, Plaintiff Daniel Grumley prays for a judgment against Defendant as

2  follows:

3    1.    That the Court issue a judgment and determination that:

4        a.  His employment agreement with THGG was a contract of employment for a

5            specified term within the meaning of California Labor Code §§ 2922 and 2924 and

6            his termination violates Plaintiff's rights under those statutes:

7        b.  That under the terms of his employment agreement and Labor Code §§ 2922 and

8            2924, Plaintiff is entitled to fulfill the term of his contract of employment with full

9            payment thereof; and

10        c.  That THGG's refusal to pay his earned wages violates Plaintiff' rights pursuant to

11            California Labor Code §§ 201, 203, and 216;

12    2.    That the Court issue a judgment and determination that Plaintiff relied to his

13  substantial detriment such upon Defendant's clear promises of guaranteed employment and

14  payment through January 1, 2008, and that Defendant is now estopped to deny Plaintiff's

15  contractual performance or Defendant's indebtedness to Plaintiff under the terms of the contract

16  and under Defendant's promises to him.

17    3.    That the Court issue a judgment against Defendant and in favor of Plaintiff in the

18  amount of:

19        a.  $465,153, plus interest thereon at the legal rate;

20        b.  Attorneys' fees, costs and expenses under law, including California Labor Code

21            Sections 218.5 (requiring award of attorneys' fees and costs in any action for

22            unpaid wages and benefits) and 218.6 (requiring award of interest on unpaid wages

23            accruing from the date the wages were due and payable); and

24        c.  $555.56 daily up to $16,666.67 in penalties, pursuant to California Labor Code §

25            203 (authorizing civil penalties).

26    4.    That the Court enter an order requiring Defendant to account to Plaintiff for all

27  money received by Defendant for sales in Plaintiff's contractually assigned geographic territories

28
                                                  14
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL – Grumley v. The Higher Gear Group

1     for the term of Plaintiff's contractual employment with Defendant, being from April 30, 2004 to

2     the present up to January 1, 2008.

3         5.      Following the accounting, that the Court enter judgment in favor of Plaintiff and

4     against Defendant for the amount of commissions found due under the Plaintiff's contract with the

5     Defendant for payment of commissions and under each modification thereof.

6         6.      For general damages on the Second, Third and Sixth Causes of Action in an

7     amount to be established at trial.

8         7.      For waiting time penalties under the Third Cause of Action.

9         8.      For exemplary damages under the Sixth Cause of Action.

10        9.      For attorney's fees and costs incurred.

11        10.     For such other and further relief as the Court deems proper.

12

13    Dated: May 31, 2007                    KASTNER | BANCHERO LLP

14

15                                           By: _____
                                             Eric C. Kastner
16                                           Luis V. Garcia
                                             Attorneys for Plaintiff
17                                           DANIEL GRUMLEY

18

19                                  **DEMAND FOR JURY TRIAL**

20
      Plaintiff, Daniel Grumley, hereby requests a trial by jury in all matters triable by jury.
21
      Dated: May 31, 2007                    KASTNER | BANCHERO LLP
22

23
                                             By: _____
24                                           Eric C. Kastner
                                             Luis V. Garcia
25                                           Attorneys for Plaintiff
                                             DANIEL GRUMLEY
26

27

28
                                          15
      COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL - Grumley v. The Higher Gear Group