ERIC C. KASTNER (SBN 53858)
LUIS V. GARCIA (SBN 154861)
KASTNER | BANCHERO LLP
2465 E. Bayshore Rd., Ste. 405
Palo Alto, CA  94303
Tel.:   (650) 320-9641
Fax:   (650) 320-9640

Attorneys for Plaintiff
DANIEL GRUMLEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL GRUMLEY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE HIGHER GEAR GROUP, and DOES 1 through 99, inclusive,<br><br>　　　　　Defendants. | Case No.  C07-02849 JL<br><br>**PLAINTIFF'S REPLY TO COUNTERCLAIM, AND PLAINTIFF'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF AND COUNTER DEFENDANT DANIEL GRUMLEY'S REPLY TO DEFENDANT AND COUNTERCLAIMANT THE HIGHER GEAR GROUP, INC.'S COUNTERCLAIMS**

Plaintiff and Counter Defendant Daniel Grumley ("**Grumley**") responds to the Counterclaims of Defendant and Counterclaimant The Higher Gear Group, Inc. ("**THGG**") as follows:

I.    **COUNTERCLAIMANT'S ALLEGATIONS**

**JURISDICTIONAL ALLEGATION**

1.    Responding to the paragraph enumerated in the Counterclaims as "Paragraph 1," Counter Defendant Grumley admits this Court has jurisdiction over the claims alleged in the Counterclaims.  Grumley lacks information and belief sufficient to form an opinion as to the veracity of the remaining allegations contained in the paragraph of the Counterclaims enumerated

1

"Paragraph 1," and on that basis denies them.

## FACTUAL ALLEGATIONS

2. Grumley admits that Event by Wire is a business in which he and his brother own interests and for which Grumley periodically works. In addition, Grumley admits that he advised Counterclaimant of each of those facts not later than December 2006. Except as specifically so admitted, Grumley denies each and every remaining allegation of Paragraph 2.

3. Grumley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis denies each and every allegation contained therein.

4. Grumley denies each and every allegation contained in Paragraph 4.

5. Grumley denies each and every allegation contained in Paragraph 5.

6. Paragraph 6 purports to recite or characterize the contents of a document. Grumley avers that the document speaks for itself. Grumley admits signing the agreement attached to the Counterclaims as Exhibit C. Grumley otherwise denies each and every allegation contained in Paragraph 6.

7. Grumley denies each and every allegation contained in Paragraph 7.

8. Grumley denies each and every allegation contained in Paragraph 8.

9. Grumley denies each and every allegation contained in Paragraph 9.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

10. Grumley repeats and re-alleges each and every answer contained in Paragraphs 1 through 9, inclusive, and incorporates the same herein by reference.

11. Grumley denies each and every allegation contained in Paragraph 11.

12. Grumley denies each and every allegation contained in Paragraph 12.

## SECOND CAUSE OF ACTION: BREACH OF THE DUTY OF LOYALTY

13. Grumley repeats and re-alleges each and every answer contained in Paragraphs 1 through 12, inclusive, and incorporates the same herein by reference.

14. Paragraph 14 only contains legal conclusions and does not require a response.

15. Grumley denies each and every allegation contained in Paragraph 15.

16. Grumley denies each and every allegation contained in Paragraph 16.

### THIRD CAUSE OF ACTION: BREACH OF THE DUTY OF COMPETENCE AND DILIGENCE

17. Grumley repeats and re-alleges each and every answer contained in Paragraphs 1 through 16, inclusive, and incorporates the same herein by reference.

18. Paragraph 18 only contains legal conclusions and does not require a response.

19. Grumley denies each and every allegation contained in Paragraph 19.

20. Grumley denies each and every allegation contained in Paragraph 20.

### FOURTH CAUSE OF ACTION: TRESPASS TO CHATTELS

21. Grumley repeats and re-alleges each and every answer contained in Paragraphs 1 through 20, inclusive, and incorporates the same herein by reference.

22. Grumley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and on that basis denies each and every allegation contained therein.

23. Grumley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis denies each and every allegation contained therein.

24. Grumley denies impeding the use and enjoyment by Counterclaimant in any property owed by Counterclaimant. As to the remaining allegations contained in Paragraph 24, Grumley lacks knowledge or information sufficient to form a belief as to the truth of the same, and on that basis denies each and every such remaining allegation.

25. Grumley denies each and every allegation contained in Paragraph 25.

### FIFTH CAUSE OF ACTION: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

26. Grumley repeats and re-alleges each and every answer contained in Paragraphs 1 through 25, inclusive, and incorporates the same herein by reference.

27. Grumley admits he knew of the existence of certain contractual and/or business relationships between Counterclaimant and certain of its customers. Except as so specifically

3

admitted, Grumley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27, and on that basis denies each and every such remaining allegation.

28. Grumley denies each and every allegation contained in Paragraph 28.

29. Grumley denies each and every allegation contained in Paragraph 29.

30. Grumley denies each and every allegation contained in Paragraph 30.

### SIXTH CAUSE OF ACTION: BREACH OF CONTRACT

31. Grumley repeats and re-alleges each and every answer contained in Paragraphs 1 through 30, inclusive, and incorporates the same herein by reference.

32. Paragraph 32 only contains legal conclusions and does not require a response.

33. Grumley denies each and every allegation contained in Paragraph 33.

## II. AFFIRMATIVE DEFENSES

Plaintiff and Counter Defendant herein, based upon the knowledge and information available to him to date, raises the following Affirmative Defenses as to each and every cause of action of Defendant and Counterclaimant's complaint:

### FIRST AFFIRMATIVE DEFENSE

As a First Affirmative Defense, Counter Defendant alleges that the Counterclaims, and each purported cause of action therein, fails to set forth facts sufficient to state a cause of action against Counter Defendant.

### SECOND AFFIRMATIVE DEFENSE

As a Second Affirmative Defense, Counter Defendant alleges that Counterclaimant, by its own actions, precipitated the events about which it now complains. As a result, its Counterclaims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

As a Third Affirmative Defense, Counter Defendant alleges that Counterclaimant comes before the Court with unclean hands and in bad faith, demonstrated by its conduct towards Counter Defendant, and is therefore barred from seeking relief.

///

### FOURTH AFFIRMATIVE DEFENSE

As a Fourth Affirmative Defense, Counter Defendant alleges that Counterclaimant's claims are barred or reduced by its failure to take reasonable action in mitigation of its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

As a Fifth Affirmative Defense, Counter Defendant alleges that the Counterclaimant and/or others were careless and negligent in and about the matters alleged in the complaint on file herein. The carelessness and negligence of Counterclaimant and/or of others proximately and/or legally contributed to the damages, if any, alleged by the Counterclaimant. In the event of any judgment in favor of the Counterclaimant herein, said judgment must be reduced to the extent that said carelessness and negligence of the same and/or others caused and contributed to the injuries and damages, if any, alleged by the Counterclaimant.

### SIXTH AFFIRMATIVE DEFENSE

As a Sixth Affirmative Defense, Counter Defendant alleges a failure of consideration to support one or more of the agreements attached as Exhibits to the Answer and Counterclaims.

### SEVENTH AFFIRMATIVE DEFENSE

As a Seventh Affirmative Defense, Counter Defendant alleges that the Counterclaimant acknowledged, ratified, consented to or acquiesced in the alleged acts or omissions, if any, of the Counter Defendant, thus barring the Counterclaimant from any recovery whatsoever.

### EIGHTH AFFIRMATIVE DEFENSE

As an Eighth Affirmative Defense, Counter Defendant alleges that the Counter Defendant's conduct was not the cause in fact or the proximate cause of any of the losses alleged by Counterclaimant.

### NINTH AFFIRMATIVE DEFENSE

As a Ninth Affirmative Defense, Counter Defendant alleges that the Counterclaimant assisted, consulted and approved the actions of Counter Defendant, thereby estopping the Counterclaimant from now seeking damages, if any there are, from Counter Defendant.

///

### TENTH AFFIRMATIVE DEFENSE

As a Tenth Affirmative Defense, Counter Defendant alleges that each and every cause of action of the Counterclaims is barred by the doctrines and principles of waiver and laches.

### ELEVENTH AFFIRMATIVE DEFENSE

As an Eleventh Affirmative Defense, Counter Defendant alleges that as to any claim of Counterclaimant for, or sounding in, breach of contract, Counterclaimant is barred from recovering for same because of its own breaches of its agreements with Counter Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

As a Twelfth Affirmative Defense, Counter Defendant alleges he has suffered damage by reason of Counterclaimant's conduct and that he has the right of offset if any amount of money is owed to Counterclaimant or due Counterclaimant by way of damage.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a Thirteenth Affirmative Defense, Counter Defendant alleges that Counterclaimant herein had engaged in acts and courses of conduct rendering it *in pari delicto*, barring each and every purported cause of action in the Counterclaimant's Counterclaims.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a Fourteenth Affirmative Defense, Counter Defendant alleges herein that each and every cause of action contained in the Counterclaims, are barred by reason of acts, omissions, representations and courses of conduct by Counterclaimant, thereby barring, under the doctrine of unjust enrichment, any cause of action asserted by the Counterclaimant.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a Fifteenth Affirmative Defense, Counter Defendant alleges that Counterclaimant's prayer for damages and attorney's fees are barred to the extent they violate California Labor Code §§ 221 or 225 or the State's express public policies against requiring the return of wages paid. California Labor Code section 221 provides in full that "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." California Labor Code section 225 provides that a violation of Section 221 "is a misdemeanor."

### SIXTEENTH AFFIRMATIVE DEFENSE

As a Sixteenth Affirmative Defense, Counter Defendant alleges that the contract alleged to have been violated has been substantially or partially performed, and as such, is subject to divisibility.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a Seventeenth Affirmative Defense, Counter Defendant alleges that the contract in question was modified by the parties, and that Counterclaimant is barred from recovery on the unmodified original contract, if any, by reason of said modification.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a Eighteenth Affirmative Defense, Counter Defendant alleges that Counterclaimant's claim for trespass to chattels is barred because Counterclaimant expressly or implicitly consented to Counter Defendant's conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

As a Nineteenth Affirmative Defense, Counter Defendant alleges that each and every cause of action of the Counterclaims is uncertain, ambiguous or unintelligible. Counter Defendant thus reserves the right to move to strike or dismiss, and/or to raise additional Affirmative Defenses at or before the time of trial as the grounds for the same become known.

Counter Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or equity, which may be available now or may become available in the future based on discovery or any other factual investigation in this case.

## PLAINTIFF AND COUNTER DEFENDANT DANIEL GRUMLEY'S COUNTERCLAIMS AGAINST THE HIGHER GEAR GROUP

Plaintiff and Counter Defendant Daniel Grumley ("**Plaintiff**" or "**Grumley**") asserts Counterclaims against Defendant and Counterclaimant The Higher Gear Group, Inc. as follows:

### I.     PLAINTIFF'S ALLEGATIONS

#### JURISDICTIONAL ALLEGATION

1. Plaintiff Daniel Grumley's Counterclaims arise from the same transaction or occurrence as the counterclaims set forth in THGG's Counterclaims. This court therefore has

7

1  jurisdiction over the instant counterclaims pursuant to 28 U.S.C. § 1367.

2. Plaintiff incorporates as though fully set forth herein each of Paragraphs 1 to 56 of his original Complaint filed in this action on May 31, 2007 (the "**Complaint**"). Said paragraphs of the Complaint contain Plaintiff's allegations concerning the Parties, Venue and Jurisdiction, and Background Facts and contain Plaintiff's First, Second, Third, Fourth, Fifth and Sixth Causes of Action against THGG, all of which Plaintiff herein incorporates.

### Seventh Cause of Action
### (Reformation)

3. Plaintiff refers to and hereby incorporates by this reference, as though fully set forth herein, Paragraphs 1 through 2 above.

4. As alleged in the Complaint, on June 29, 2005, Defendant's Chief Executive Officer ("Chief Executive Officer") offered Grumley a modification to his existing employment agreement (the "**6-29-05 agreement**") to guarantee his employment for a specified term (for 30 months or until January 1, 2008), at Grumley's previously existing Base salary of $200,000 plus commissions for sales in his defined sales territory. The 6-29-05 agreement also promised job security by guaranteeing Plaintiff's employment would only be "at risk" under certain, defined, exceptional, circumstances. Thus it provided that "If you loose [*sic*, lose] your license, are guilty of a felony, or become unable to perform your duties as VP of Sales this may also jeopardize your employment. The company must honor your guarantee in the case of a sale, management change, or moving in a different direction regardless of what [Defendant's CEO] Robert C Gruen wants to do for that minute. Now you can feel secure with The Higher Gear Group, Inc. as I feel secure with you." A true and correct copy of the 6-29-05 agreement is attached hereto as Exhibit 1.

5. In or about December 2006, Plaintiff and Defendant entered an agreement with regard to raising Plaintiff's wage rate and modifying his sales territory. The purpose of the agreement was to give Plaintiff a pay raise in recognition of his diligent work for Defendant, and to modify his sales territory. Defendant did not ask to, and Plaintiff did not agree to, change or eliminate any other terms of the 6-29-05 agreement, including its express "guarantees" regarding Grumley's employment security for the term specified until January 1, 2008.

6. On or about December 26, 2006, also in San Mateo County, California, Plaintiff executed a written agreement, prepared by Defendant, to carry out their intended agreement (the "**12-26-06 agreement**"). A true and correct copy of the 12-26-06 agreement is attached hereto as Exhibit 2.[1]

7. However, the 12-26-06 agreement purportedly fails to reflect the true intent of Grumley and of THGG in that, among other things, it purports to void the parties' prior agreement as now argued by THGG for the first time in its Answer to the Complaint. To reflect the true intent of the parties, it should instead provide that Grumley's pay shall be raised and his territory modified as the parties agreed upon, but without purporting to change or eliminate other terms of employment including any of THGG's promises of employment security expressly stated in the 6-29-05 agreement.

8. The above-described failure of the said written agreement to reflect the true intent of the parties resulted from a unilateral mistake on the part of Plaintiff in that he believed that the 12-26-06 agreement effected only a change in his rate of pay and a modification of his assigned sales territory.

9. Alternatively, Defendant falsely represented to Plaintiff that the purpose of the 12-26-06 agreement was solely to increase Plaintiff's rate of pay and modify his sales territory. Plaintiff signed the 12-26-06 agreement without the knowledge of the true facts that Defendant intended to change the guarantee of his employment until January 1, 2008, and in reliance on Defendant's false representations that employment would continue to such date. Plaintiff was deceived and misled into signing a writing that differed materially from the prior oral and written understanding of the parties. Plaintiff's reliance on Defendant's false representations that the written agreement conformed to the parties' intended agreement was reasonable and justified in that it was presented to him as a "pay plan," only and not as a new employment contract with Defendant. Moreover, the 12-26-06 agreement expressly states it is "in effect" through "January 1, 2008," reinforcing

---

[1] It is also Exhibit B to Defendant's Answer and Counterclaims.

Plaintiff's belief that his employer intended to continue to honor its oral and written guarantee to employ him for a specified term (through January 1, 2008).

### Eighth Cause of Action
### (Second Declaratory Relief)

10. Plaintiff refers to and hereby incorporates by this reference, as though fully set forth herein, Paragraphs 1 through 9 above and Paragraphs 1 through 56 of the Complaint.

11. An actual controversy has arisen and now exists between Plaintiff Grumley and Defendant THGG concerning Grumley's and THGG's contractual rights under the terms of the agreement attached as Exhibit C to THGG's Answer and Counterclaims, entitled "Confidentiality, Non-competition and Non-solicitation Agreement" (the "**CNNA**"). Such controversy concerns the rights of Grumley and other persons to be free of illegal restrictions on employment and to be free of illegal restraints on trade and business, and by THGG's supposed insistence that neither Grumley nor any company with which he is affiliated may employ any THGG employee until two years after the termination of Grumley's THGG employment. Such insistence by THGG violates the provisions of California law including California Business and Professions Code § 16600 and the strong public policy of California to protect its workers from unreasonable restraints of trade and employment as expressed therein. By its actions, THGG has willfully sought to ignore or circumvent the strong public policy of California to protect its workers from unreasonable restraints of trade and employment as expressed in California's Business and Professions Code § 16600.

12. Plaintiff desires a judicial determination that the terms of the CNNA violate California Business and Professions Code § 16600 and are not enforceable under California law.

13. Plaintiff further desires a judicial determination that Grumley and anyone affiliated with him may retain the employment of THGG's employees notwithstanding any claimed provisions to the contrary contained in the CNNA.

14. An additional controversy has arisen and exists between Grumley and THGG concerning their respective statutory and contractual rights, under California law and under the terms of the CNNA, with regard to the disclosures or assignments of inventions by Grumley or by

others working with Grumley during his employment relationship with THGG. The CNNA purports to require Grumley to disclose and assign to THGG any and all inventions, discoveries, designs and improvements conceived, developed, or first reduced to practice by Grumley, alone or with others, during his employment relationship that are materially related THGG's business. Such provision of the CNNA violate the provisions of California law, including California Labor Code §§ 2870 and 2871, and the strong public policy of California to protect its workers as expressed therein.

15. Plaintiff desires a judicial determination that the terms of the CNNA violates California Labor Code §§ 2870 and 2871 and are not enforceable under California law.

16. Pursuant to California Code of Civil Procedure § 1060, a judicial declaration is necessary and appropriate at this time under the circumstances in order that Grumley may ascertain his legal rights with respect to the CNNA. Plaintiff will suffer severe financial burdens from the continued uncertainty as to his rights and duties. Plaintiff has no other existing speedy, accurate or proper remedy other than that prayed for by which the rights of the parties hereto may be determined.

WHEREFORE, Plaintiff Daniel Grumley prays for a judgment against Defendant as follows:

1. That the Court issue judgment and determination as requested in the Complaint;
2. That the Court issue a further judgment and determination that:
    a. The CNNA entered into with THGG violates California Business and Professions Code § 16600 and/or California Labor Code §§ 2870 and 2871. Such agreement is not valid or enforceable in any regard and is therefore void and of no force or effect;
3. For the reformation of the December 26, 2006, agreement to reflect the true intent of the parties, as follows: that the 12/26/06 agreement be reformed consistent with the parties' intent and that any language in the 12/26/06 agreement purporting to void or supersede Grumley's prior agreement with THGG, except for rate of pay and geographic sales territory, be voided.
4. For attorney's fees and costs incurred.

5.  For such other and further relief as the Court deems proper.

Dated: August 13, 2007                KASTNER | BANCHERO LLP

By: _____
Eric C. Kastner
Luis V. Garcia
Attorneys for Plaintiff
DANIEL GRUMLEY

## DEMAND FOR JURY TRIAL

Plaintiff and Counter Defendant Daniel Grumley demands a jury trial for all issues triable of right by a jury pursuant to Rule 38, Federal Rules of Civil Procedure.

Dated: August 13, 2007                KASTNER | BANCHERO LLP

By: _____
Eric C. Kastner
Luis V. Garcia
Attorneys for Plaintiff
DANIEL GRUMLEY

**PLAINTIFF'S REPLY TO COUNTER CLAIM AND PLAINTIFF'S COUNTERCLAIMS, DEMAND FOR JURY TRIAL** Case No. C07-02849 JL