1   Laura Stevens, Esq. (SBN 64643)
    Attorney at Law
2   2831 Telegraph Ave.
    Oakland, CA 94609
3   Telephone:  (510) 849-0381
    Facsimile:   (510) 849-0382
4

5   Attorney for Defendant
    THE HIGHER GEAR GROUP, INC.

6

7                    UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9

10                                         Case No. C07-02849 SI

11  DANIEL GRUMLEY,                         FIRST AMENDED ANSWER,
                                           AFFIRMATIVE DEFENSES AND
12                           Plaintiff,    COUNTERCLAIMS FOR:
             vs.
13                                         1.  Breach of Contract
                                           2.  Breach of the Duty of Loyalty
14  THE HIGHER GEAR GROUP, INC.            3.  Breach of the Duty of
                                               Competence and Diligence
15                           Defendant.    4.  Trespass to Chattels
                                           5.  Intentional Interference with
16                                             Contractual Relations
                                           6.  Breach of Contract
17

18                                           DEMAND FOR JURY TRIAL

19

20          Defendant THE HIGHER GEAR GROUP, INC. ("Defendant" or "THGG")

21  hereby answers the Complaint filed by Plaintiff DANIEL GRUMLEY ("Plaintiff" or

22  "Grumley"), and responds to Plaintiff's Counterclaims contained in Plaintiff's Reply

23  as follows:

24          1.    In responding to the allegations contained in paragraph 1 of the

25          Complaint, Defendant admits that it terminated the employment of

            Plaintiff, denies that said termination was in violation of Plaintiff's

                                         1

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

1    employment contract, and denies that Defendant failed to pay Plaintiff

2    vested wages.  Insofar as and/or to the extent Plaintiff's allegations state

3    legal conclusions, no response is required.

4    2.    In responding to the allegations contained in paragraph 2 of the

5          Complaint, Defendant lacks sufficient knowledge or information to form a

6          belief as to the truth of the allegations contained in said paragraph, and

7          on that basis denies all allegations contained therein.

8    3.    In responding to the allegations contained in paragraph 3 of the

9          Complaint, Defendant denies that Plaintiff entered into his employment

10         contracts with Defendant in the Northern District of California; but admits

11         that Plaintiff worked for Defendant both within and without of this District;

12         admits that Defendant paid Plaintiff employment wages in this District;

13         and admits that Plaintiff's termination of employment occurred in this

14         District.  As to all other allegations in paragraph 3 of the Complaint,

15         Defendant lacks sufficient information or knowledge to form a belief as to

16         the truth of the other allegations contained in said paragraph, and on that

17         basis denies all allegations contained therein.

18   4.    In responding to the allegation contained in paragraph 4 of the Complaint,

19         Defendant lacks sufficient information or knowledge to form a belief as to

20         the truth of this allegation, and on that basis denies said allegation.

21   5.    In responding to the allegations contained in paragraph 5 of the

22         Complaint, Defendant admits it is a corporation doing business in

23         California, that it is a corporation formed under the laws of the State of

24         Illinois, with its principal place of business in Illinois.  Further Defendant

25         admits it is, *inter alia*, in the business of selling customer relationship

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

1    management software to car dealerships as a tool to manage their sales,

2    as well as sales prospects, leads and follow-ups.

3    6.    In responding to the allegations contained in paragraph 6 of the

4    Complaint, Defendant admits that this court has personal jurisdiction over

5    Defendant by virtue of Defendant's contacts within this District.   Insofar

6    as and/or to the extent Plaintiff's allegations state legal conclusions, no

7    response is required.  Defendant denies that any breach of Plaintiff's

8    employment contract occurred, except as alleged in Defendant's

9    Counterclaims stated below.

10    7.    In responding to the allegations contained in paragraph 7 of the

11    Complaint, Defendant admits that Defendant entered into a written

12    agreement with Plaintiff dated April 30, 2004.   A copy of that agreement

13    is attached hereto as Exhibit A and the terms thereof are incorporated by

14    this reference.  To the extent Plaintiff's allegations misstate the terms of

15    that agreement, Defendant denies said allegations. Insofar as and/or to

16    the extent Plaintiff's allegations state legal conclusions, no response is

17    required.  Further, Defendant denies the relevance of the contract of April

18    30, 2004, due to the parties agreement of Dec. 26, 2006, Exhibit B

19    hereto, which supersedes all prior agreements.  As such, Plaintiff's

20    allegations regarding all prior agreements is surplusage, and no response

21    is required.

22    8.    In responding to the allegations of paragraph 8 of the Complaint,

23    Defendant denies Plaintiff's allegations characterizing Exhibit A as

24    providing a 4% sales commission on all sales made within Plaintiff's

25    assigned geographic territory.  Further, Defendant denies that the

3

employment agreements of 2005 and 2006 were modifications of the
employment agreement of 2004.  The employment agreement of 2006,
attached hereto as Exhibit B and incorporated herein by this reference,
states in pertinent part "This employment offer letter voids any previous
employment offers both written and verbalized.  This will be in effect
December 11, 2006 through January 1, 2008.  This letter supersedes any
written or verbal arrangements before this date."  Plaintiff signed this
agreement on December 28, 2006.  Defendant denies that any terms of
any other agreement continued to exist between the parties.

9.      In responding to the allegations of paragraph 9 of the Complaint,
Defendant denies every allegation of this paragraph except to admit that
Plaintiff continued his employment with Defendant throughout 2005.

10.     In responding to the allegations of paragraph 10 of the Complaint,
Defendant denies that the contract of 2005 was a modification of the 2004
employment agreement and further, Defendant denies the relevance of
any terms of any agreements other than the Dec. 26, 2006 agreement,
Exhbit B hereto.  As such, Plaintiff's allegations in paragraph 10 are
surplusage and no response is required.  Further, Defendant denies that
Plaintiff had any guarantees of employment as alleged in this paragraph
at the time Plaintiff was terminated.

11.     In responding to the allegations of paragraph 11 of the Complaint,
Defendant denies that Plaintiff had any guarantees as alleged in this
paragraph at the time of his termination, the agreement of 2005 having
been voided and superseded by Exhibit B hereto.  Insofar as and/or to the

4

extent Plaintiff's allegations state legal conclusions, no response is required.

12.    In responding to the allegations of paragraph 12 of the Complaint, Defendant denies that Plaintiff had any terms of employment as alleged in this paragraph at the time of his termination, the agreement of 2005 having been voided and superseded by Exhibit B hereto.  Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the other allegations contained in said paragraph, and on that basis denies all allegations contained therein.

13.    In responding to the allegations of paragraph 13 of the Complaint, Defendant denies that it underwent "further internal reorganizations" in or around June 2005. Defendant admits that Jim Knight was appointed Executive Vice President and was Plaintiff's direct superior.

14.    In responding to paragraph 14 of the Complaint, Defendant denies that Plaintiff was not paid his contractual commissions at any time and denies that he made complaints as alleged.  Defendant further denies that Plaintiff was wrongfully denied access to sales information at any time, but rather that Defendant's access policy changed during Plaintiff's employment and the scope of information available to all managers at Plaintiff's level was changed.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the other allegations contained in said paragraph, and on that basis denies all allegations contained therein.

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

15.    In responding to the allegations of paragraph 15 of the Complaint, Defendant denies that Plaintiff was "required" to sign the 12-26-06 agreement, but rather was a new agreement requested by Plaintiff and further denies that said agreement is a modification of any prior agreement, but rather is a new, superseding agreement, governing the employment relationship between the parties.  The terms of this agreement, Exhibit B hereto, speak for themselves.

16.    Defendant admits it terminated Plaintiff's employment on May 2, 2007.

17.    In responding to the allegations of paragraph 17 of the Complaint, Defendant denies that Plaintiff met the terms and conditions of the 12-26-06 agreement. Plaintiff's allegations regarding all prior agreements is surplusage, and no response is required. Defendant denies that Plaintiff posted over $8 million in sales revenue for the Company and that Plaintiff was Defendant's top seller in the four months prior to termination and that Plaintiff earned the commissions alleged.  Defendant denies that Plaintiff was lauded by management as alleged.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the other allegations contained in said paragraph, and on that basis denies all allegations contained therein.

18.    In responding to the allegations of paragraph 18 of the Complaint, Defendant admits that Plaintiff was terminated on May 2, 2007, effective immediately, through notification by Knight.  Defendant denies each and every other allegation in this paragraph.

19.    In responding to the allegations of paragraph 19 of the Complaint, Defendant denies each and every allegation in this paragraph.

6

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

20.   In responding to the allegations of paragraph 20 of the Complaint, Defendant denies that it failed to pay Plaintiff any wages or commissions earned in any amount at any time, including vacation wages.  Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

21.   In responding to the allegations of paragraph 21 of the Complaint, Defendant incorporates by this reference its responses to paragraph 1 through 20 above.

22.   Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

23.   In responding to the allegations of paragraph 23 of the Complaint, Defendant denies that it has violated any of Plaintiff's rights.  Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

24.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and on that basis denies all allegations contained therein. Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

25.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies all allegations contained therein. Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

26.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and on that basis denies all allegations contained therein. Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

27.    In responding to the allegations of paragraph 21 of the Complaint, Defendant incorporates by this reference its responses to paragraph 1 through 26 above.

28.    In responding to paragraph 28 of the Complaint, Defendant denies that Plaintiff performed the conditions, covenants and promises required of him to be performed in accordance with his employment agreement with Defendant and further denies that Plaintiff fulfilled his duties as an employee.

29.    In responding to the allegations of paragraph 29 of the Complaint, Defendant denies that it breached any terms of its agreement with Plaintiff and specifically denies that its termination of Plaintiff was in violation of his employment contract.

30.    In responding to the allegations of paragraph 30 of the Complaint, Defendant denies that its termination of Plaintiff was in violation of his employment contract and further, Plaintiff's allegations regarding all agreements other than Exhibit B is surplusage, and no response is required.

31.    In responding to the allegations of paragraph 31 of the Complaint, Defendant admits that it paid Plaintiff $38,538 in commissions at the time of his termination.  Defendant denies all other allegations of this

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

paragraph. Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

32.   In responding to the allegations of paragraph 32 of the Complaint, Defendant denies that Plaintiff has been damaged in any amount and that Defendant owes any amounts to Plaintiff and that Plaintiff earned the amounts alleged.

33.   In responding to paragraph 33 of the Complaint, Defendant denies Plaintiff has suffered any losses for which Defendant is liable including losses associated with attorney's fees and litigation costs.  Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

34.   In responding to paragraph 34 of the Complaint, Defendant denies Plaintiff has suffered any losses for which Defendant is liable including losses associated with attorney's fees and litigation costs and/or any penalties.  Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

35.   In responding to the allegations of paragraph 21 of the Complaint, Defendant incorporates by this reference its responses to paragraph 1 through 34 above.

36.   Insofar as and/or to the extent Plaintiff's allegations in paragraph 36 state legal conclusions, no response is required.  Defendant admits it refused to employ and pay Plaintiff after his termination on May 2, 2007.

37.   Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required to the allegations of paragraph 37.

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

38.     Insofar as and/or to the extent Plaintiff's allegations state legal
conclusions, no response is required to the allegations of paragraph 38.

39.     In responding to paragraph 39 of the Complaint, Defendant denies
Plaintiff has suffered any losses for which Defendant is liable including
losses associated with attorney's fees and litigation costs and/or any
penalties.  Insofar as and/or to the extent Plaintiff's allegations state legal
conclusions, no response is required.

40.     In responding to paragraph 40 of the Complaint, Defendant denies
Plaintiff has suffered any losses for which Defendant is liable including
losses associated with attorney's fees and litigation costs and/or
penalties.  Insofar as and/or to the extent Plaintiff's allegations state legal
conclusions, no response is required.

41.     In responding to the allegations of paragraph 41 of the Complaint,
Defendant incorporates by this reference its responses to paragraph 1
through 40 above.

42.     In responding to the allegations of paragraph 42 of the Complaint,
Defendant incorporates by this reference its responses to paragraph 1
through 40 above.  Further, insofar as and/or to the extent Plaintiff's
allegations state legal conclusions, no response is required.

43.     Defendant lacks sufficient information or knowledge to form a belief as to
the truth of the allegations contained in paragraph 43, and on that basis
denies all allegations contained therein.

44.     In responding to the allegations of paragraph 44 of the Complaint,
Defendant incorporates by this reference its responses to paragraph 1

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

1   through 40 above.  Further, insofar as and/or to the extent Plaintiff's
2   allegations state legal conclusions, no response is required.

3   45.   In responding to the allegations of paragraph 45 of the Complaint,
4         Defendant incorporates by this reference its responses to paragraph 1
5         through 44 above.

6   46.   In responding to the allegations of paragraph 46 of the Complaint,
7         Defendant incorporates by this reference its responses to paragraph 1
8         through 40 above.  Further, insofar as and/or to the extent Plaintiff's
9         allegations state legal conclusions, no response is required.

10  47.   In responding to the allegations of paragraph 47 of the Complaint,
11        Defendant incorporates by this reference its responses to paragraph 1
12        through 20 above.  Further, insofar as and/or to the extent Plaintiff's
13        allegations state legal conclusions, no response is required.

14  48.   In responding to the allegations of paragraph 48 of the Complaint,
15        Defendant incorporates by this reference its responses to paragraph 1
16        through 40 above.  Further, insofar as and/or to the extent Plaintiff's
17        allegations state legal conclusions, no response is required.

18  49.   In responding to the allegations of paragraph 49 of the Complaint,
19        Defendant denies that Plaintiff performed all terms and conditions of his
20        employment agreement with Defendant and denies that any money is
21        owed to Plaintiff or that any accounting is due Plaintiff. Insofar as and/or
22        to the extent Plaintiff's allegations state legal conclusions, no response is
23        required.

24  50.   In responding to the allegations of paragraph 50 of the Complaint,
25        Defendant incorporates by this reference its responses to paragraph 1

11

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

1    through 49 above.  Further, insofar as and/or to the extent Plaintiff's

2    allegations state legal conclusions, no response is required.

3    51.    In responding to the allegations of paragraph 51 of the Complaint,

4    Defendant incorporates by this reference its responses to paragraph 1

5    through 50 above.

6    52.    In responding to the allegations of paragraph 52 of the Complaint,

7    Defendant denies that Plaintiff performed all the material requirements of

8    his position.

9    53.    In responding to the allegations of paragraph 53 of the Complaint,

10    Defendant incorporates by this reference its responses to paragraph 1

11    through 52 above.  Defendant denies that Plaintiff's termination was in

12    retaliation for any alleged complaints regarding payment of wages and/or

13    that Defendant was trying to avoid paying wages due.  Further, insofar as

14    and/or to the extent Plaintiff's allegations state legal conclusions, no

15    response is required.

16    54.    Insofar as and/or to the extent Plaintiff's allegations in paragraph 54 of the

17    Complaint state legal conclusions, no response is required.  Defendant

18    denies Plaintiff complained to management.

19    55.    In responding to paragraph 55 of the Complaint, Defendant denies

20    Plaintiff has suffered any losses for which Defendant is liable including

21    losses associated with attorney's fees and litigation costs, and/or

22    penalties, and/or emotional distress, pain and suffering, etc.  Insofar as

23    and/or to the extent Plaintiff's allegations state legal conclusions, no

24    response is required.

25

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

56.    In responding to paragraph 56 of the Complaint, Defendant denies
Plaintiff has suffered any losses for which Defendant is liable including
losses associated with attorney's fees and litigation costs and/or
penalties, and/or emotional or physical distress and/or exemplary and/or
punitive damages.  Further Defendant denies it has acted willfully,
wantonly, maliciously and/or oppressively.  Insofar as and/or to the extent
Plaintiff's allegations state legal conclusions, no response is required.

57.    In responding to the allegations contained in paragraph 1 of Plaintiff's
Reply at pages 7 – 11 thereto ("Plaintiff's Counterclaims"), Defendant
admits that Plaintiff's Counterclaims arise from the same transaction or
occurrence as Defendant's Counterclaims, but they also arose from the
same transaction or occurrence as Plaintiff's initial causes of action and
therefore could and should have been raised in Plaintiff's initial
Complaint.  Insofar as and/or to the extent Plaintiff's allegations state
legal conclusions, no response is required.

58.    In responding to the allegations contained in paragraph 2 of Plaintiff's
Counterclaims, Defendant incorporates by reference his response to
paragraphs 1 to 57 above.

59.    In responding to the allegations contained in paragraph 3 of Plaintiff's
Counterclaims, Defendant incorporates by reference his response to
paragraphs 1 to 58 above.

60.    In responding to the allegations contained in paragraph 4 of Plaintiff's
Counterclaims, Defendant denies that the contract of 2005 was a
modification of Grumley's existing employment agreement.  Defendant
denies the relevance of any terms of any agreements other than the Dec.

13

26, 2006 agreement, Exhibit B hereto.  As such, Plaintiff's allegations in paragraph 4 are surplusage and no response is required.  Further, Defendant denies that Plaintiff had any guarantees of employment as alleged in this paragraph at the time Plaintiff was terminated.

61.    In responding to the allegations contained in paragraph 5 of Plaintiff's Counterclaims, Defendant denies that Plaintiff was "required" to sign the 12-26-06 agreement, but rather was a new agreement requested by Plaintiff.  Defendant further denies that said agreement is a modification of any prior agreement, but rather is a new, superseding agreement, governing the employment relationship between the parties.  Defendant denies the relevance of any terms of any agreements other than the Dec. 26, 2006 agreement, Exhibit B hereto.  As such, Plaintiff's allegations in paragraph 4 are surplusage and no response is required.  Defendant denies that the purpose of this agreement was to give Plaintiff a pay raise in recognition of his diligent work, but admits that it was intended to modify Plaintiff's sales territory in response to Plaintiff's requests to travel less.  The increase in commission base was to compensate Plaintiff for the reduction in territory.  This new agreement was also intended to address the concern that Plaintiff was not reporting his sales activity using the internal sales tracking software, and Plaintiff's receipt of benefits under the agreement was explicitly conditioned on specified sales activity, daily reporting and the use of the sales tracking software. Defendant denies that Plaintiff had any guarantees of employment as alleged in this paragraph at the time Plaintiff was terminated.

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

62.    In responding to the allegations contained in paragraph 6 of Plaintiff's Counterclaims, Defendant admits that Defendant prepared the 12-26-06 agreement, Exhibit B hereto, and that Plaintiff executed the agreement after Plaintiff reviewed it.

63.    In responding to the allegations contained in paragraph 7 of Plaintiff's Counterclaims, Defendant denies the 12-26-06 fails to reflect the true intent of the parties.  The 12-26-06 agreement states on its face, "This employment offer letter voids any previous employment offers both written and verbalized.  This will be in effect December 11, 2006 through January 1, 2008.  This letter supersedes any written or verbal arrangements before this date."   The 12-26-06 agreement also specifically refers to  "your new employment contract."  Plaintiff signed this agreement on December 28, 2006, after reviewing its terms.  Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

64.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Counterclaims.  Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

65.    In responding to the allegations contained in paragraph 9 of Plaintiff's Counterclaims, Defendant denies it made any false representations to Plaintiff, and consequently denies that Plaintiff reasonably relied on any false mispresentations.  The terms of this agreement, Exhibit B hereto, speak for themselves.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations regarding

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

Plaintiff's subjective belief.  Defendant denies that Plaintiff had any guarantees of employment as alleged in this paragraph at the time Plaintiff was terminated.  Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

66.    In responding to the allegations contained in paragraph 10 of Plaintiff's Counterclaims, Defendant incorporates by reference his response to paragraphs 1 to 65 above.

67.    Insofar as and/or to the extent Plaintiff's allegations in paragraph 11 of Plaintiff's Counterclaims state legal conclusions, no response is required. Defendant denies Plaintiff's characterization of the parties' agreement regarding Plaintiff's solicitation of employees.  The terms of the parties' Confidentiality, Non-competition and Non-Solicitation of employees, Exhibit C hereto, speak for themselves.

68.    Insofar as and/or to the extent Plaintiff's allegations in Paragraph 12 of Plaintiff's Counterclaims state legal conclusions, no response is required.

69.    Insofar as and/or to the extent Plaintiff's allegations in Paragraph 13 of Plaintiff's Counterclaims state legal conclusions, no response is required.

70.    Insofar as and/or to the extent Plaintiff's allegations in paragraph 14 of Plaintiff's Counterclaims state legal conclusions, no response is required. Defendant denies Plaintiff's characterization of the parties' agreement. The terms of the parties' Confidentiality, Non-competition and Non-Solicitation of employees, Exhibit C hereto, speak for themselves.

71.    Insofar as and/or to the extent Plaintiff's allegations in paragraph 15 of Plaintiff's Counterclaims state legal conclusions, no response is required.

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

72.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Counterclaims regarding Plaintiff's financial burdens and available remedies, and on that basis denies said allegations.  Insofar as and/or to the extent Plaintiff's allegations state legal conclusions, no response is required.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, in that Plaintiff did not suffer damages attributable to the action or inaction of Defendant as alleged in his Complaint.

### FOURTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred by the defense of unclean hands.

### FIFTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred by the doctrines of estoppel, waiver and/or release.

### SIXTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred by Plaintiff's willful misconduct and breach of the December 26, 2006 employment agreement.

### SEVENTH DEFENSE

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

The damages allegedly sustained by Plaintiff, if any, were proximately caused by or contributed to, in whole or in part, by Plaintiff's own negligence and Plaintiff's recovery, if any, should be reduced by the proportionate amount that Plaintiff's acts or omissions contributed to his alleged damages.

EIGHTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, because all acts of Defendant affecting the terms and/or conditions of Plaintiff's employment were privileged and done with good cause.

NINTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by Plaintiff's failure to exercise reasonable care and diligence to mitigate his alleged damages, if any.

TENTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by the equitable doctrine of laches.

ELEVENTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by the doctrine of after-acquired evidence.

TWELFTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by Plaintiff's own breach of the duty of competence and diligence as set forth in, *inter alia*, Labor Code §§ 2854, 2857, 2858, 2859 and 2865.

THIRTEENTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by Plaintiff's own breach of the duty of loyalty as set forth in, *inter alia*, Labor Code §§ 2853, 2856, 2860 and 2863.

18

FOURTEENTH DEFENSE

Plaintiff was paid all amounts due as wages and/or commissions under the contract.

FIFTEENTH DEFENSE

Plaintiff's prayer for punitive or exemplary damages is barred in that Plaintiff has failed to allege sufficient facts of malice, oppression or fraud and such damages are barred by California Civil Code §3294.

SIXTEENTH DEFENSE

Plaintiff's prayer for punitive or exemplary damages would violate the due process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution as well as the Constitution of the State of California.

SEVENTEENTH DEFENSE

To the extent Plaintiff's complaint, or any purported cause of action therein, alleges negligently caused emotional or physical injury, this court lacks jurisdiction and any recovery is barred by the exclusivity of remedy under the California Worker's Compensation Act (Labor Code § 3200 et seq.)

EIGHTEENTH DEFENSE

Venue is improper in this court.

NINTEENTH DEFENSE

Plaintiff's Claims and Counterclaims include references to alleged agreements and communications made outside the written December 26, 2006 agreement attached as Exhibit B hereto, which violates the parole evidence rule.

TWENTIETH DEFENSE

Defendant's performance under the parties' agreement was excused for failure of consideration.

19

TWENTY FIRST DEFENSE

This answering Defendant presently has insufficient knowledge or information on which to form a belief as to additional, unstated affirmative defenses. Defendant reserves the right to file an amended and/or supplemental Answer with the Court when such knowledge or information becomes available.

WHEREFORE, Defendant prays as follows:

1.    That the Complaint, and each purported cause of action therein, be dismissed with prejudice, and that Plaintiff take nothing by reason of his Complaint;

2.    That Defendant be awarded its costs of suit incurred in defense of this action; and

3.    For such other relief as the Court deems just and proper.

## DEFENDANT'S COUNTERCLAIMS

As and for its counterclaims against Plaintiff, Defendant alleges as follows:

### JURISDICTIONAL ALLEGATION

1.    These counterclaims are compulsory because they arise from the same transaction or occurrence as the claims set forth in the Complaint.  This Court has jurisdiction over the subject matter of these counterclaims based on 28 U.S.C. § 1367.

### FACTUAL ALLEGATIONS

2.    Beginning no later than December, 2006, Grumley began working on a business of his own, Event by Wire, to which, unbeknownst to THGG, Grumley devoted virtually all his time and efforts.  Grumley revealed to THGG the he had an interest in this business but falsely asserted that he spent no time on it, rather claiming that his brother actively ran Event by Wire without his participation.

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

3.    Beginning no later than December, 2006, Grumley used THGG computers, telephones, internet, products and other resources to conduct the business of Event by Wire.

4.    Beginning no later than December, 2006, Grumley failed to devote his time, effort, skills and/or abilities to his duties as an employee of THGG, but rather devoted his efforts for his personal benefit.

5.    Beginning no later than December, 2006, unbeknownst to THGG, Grumley began soliciting co-employees of THGG to work for Grumley and for Event by Wire, urging those co-employees to do what he was doing, which was devoting his time to Event by Wire, and concealing that fact from THGG management.  On more than one occasion Grumley used THGG telephones, computers and other resources to solicit co-employees as described herein.

6.    At the beginning of his employment with THGG, Grumley signed a CONFIDENTIALITY, NON-COMPETITION AND NON-SOLICITATION AGREEMENT, dated 18 May 2004, Exhibit C hereto.  That Agreement provides, *inter alia*, that Grumley will not solicit any employee of THGG to leave the employ of THGG.

7.    Beginning no later than December, 2006 Grumley misrepresented to customers of THGG the terms and conditions for sales of products of THGG.  Grumley offered THGG products only for prices higher than required and on payment terms more demanding than required by THGG. These misrepresentations to customers were in violation of policies and practices of THGG, and were for the purpose of benefiting Grumley

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

personally under the compensation provisions of his employment with THGG.

8. Beginning no later than December, 2006 Grumley intentionally engaged in rude, unprofessional, unreliable and/or other damaging behavior with both customers and co-workers of THGG.

9. As a proximate result of Grumley's actions as stated above, THGG is informed and believes and on that basis alleges that sales were lost which otherwise would have been made, sales were not achieved which otherwise would have been achieved, and other losses were incurred.

FIRST CAUSE OF ACTION

(Breach of Contract)

10. Counter-Plaintiff THGG realleges and incorporates paragraphs 1 through 9 of this Counterclaim as if set forth in full herein.

11. Grumley breached the terms of his employment agreement by, *inter alia*, refusing to employ agreed upon tactics, procedures and efforts to pursue sales of THGG's products and services; failing to meet specified minimum sales criteria, including making the required number of contacts and presentations as set forth in the December 26, 2006 agreement, attached hereto as Exhibit B; failing to devote his time, effort, skills and/or abilities to his duties as an employee of THGG, but rather devoted his efforts for his personal benefit; misrepresenting the hours worked for THGG and accepting payment from THGG in excess of the hours actually worked; converting THGG resources for his own use and personal benefit; misrepresenting the terms and conditions for sales of products of THGG to potential customers for his own benefit, resulting in lost sales; and

22

otherwise breaching the duty of loyalty, good faith and diligence expressly and impliedly imposed upon Grumley by contract.

12.    THGG has been damaged in an amount to be proven at trial, but includes the value of services Grumley was paid in excess of the work performed and damages to THGG's business and sales caused by Grumleys actions and omissions.

SECOND CAUSE OF ACTION

(Breach of the Duty of Loyalty)

13.    Counter-Plaintiff realleges and incorporates paragraphs 1 through 12 of this Counterclaim as if set forth in full herein.

14.    At all times pertinent to this Complaint and Counterclaim, Grumley owed a duty of undivided loyalty to THGG, as imposed by common law and by statute as set forth in, *inter alia*, Labor Code §§ 2853, 2856, 2860 and 2863.

15.    Grumley breached this duty of loyalty by the actions and omissions set forth herein.

16.    THGG has thereby been damaged in an amount to be proven at trial.

THIRD CAUSE OF ACTION

(Breach of the Duty of Competence and Diligence)

17.    Counter-Plaintiff realleges and incorporates paragraphs 1 through 16 of this Counterclaim as if set forth in full herein.

18.    At all times pertinent to this Complaint and Counterclaim, Grumley was owed a duty of competence and diligence to THGG, as imposed by common law and by statute as set forth in, *inter alia*, Labor Code §§ 2854, 2857, 2858, 2859 and 2865.

23

19.   Grumley breached this duty of competence and diligence by the actions and omissions set forth herein.

20.   THGG has thereby been damaged in an amount to be proven at trial. Pursuant to the provisions of Labor Code § 2865, Grumley is liable to Counter-Plaintiff for the injuries and damages sustained.

FOURTH CAUSE OF ACTION

(Trespass to Chattels)

21.   Counter-Plaintiff realleges and incorporates paragraphs 1 through 20 of this Counterclaim as if set forth in full herein.

22.   Beginning no later than December, 2006, Grumley used THGG computers, telephones, internet, products and other resources to conduct the business of Event by Wire.

23.   At all times pertinent to this Complaint and Counterclaim, Counter-Plaintiff had an exclusive ownership interest in these resources and Grumley was authorized to use these resources only for the benefit of Counter-Plaintiff.

24.   Grumley wrongly and intentionally interfered with Counter-Plaintiff's rights to this property by using it for his own purposes, thereby impeding Counter-Plaintiff's use and enjoyment of its property and resulting in trespass.

25.   THGG has thereby been damaged by reason of this impairment of property and/or the loss of its use in an amount to be proven at trial.

FIFTH CAUSE OF ACTION

(Intentional Interference with Contractual Relations)

26.   Counter-Plaintiff realleges and incorporates paragraphs 1 through 25 of this Counterclaim as if set forth in full herein.

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

27.   Grumley was aware of Counter-Plaintiff's existing contracts and business relationships with various customers with whom he came in contact in the course of his employment with Counter-Plaintiff.

28.   Despite knowing of these contracts and existing business relationships, Grumley intentionally interfered with these contracts and existing business relationships by, *inter alia*, failing to service existing customers as he was required and instead working on his own business, misrepresenting to customers of THGG the terms and conditions for sales of products of THGG and offering such customers THGG products only for prices higher than required and on payment terms more demanding than required by THGG, and intentionally alienating THGG customers by rude and insulting conduct.

29.   As a direct result of Grumley's actions and omissions, Counter-Plaintiff was damaged in an amount according to proof due to the loss of sales and customers and harm to its reputation and good will in the industry.

30.   Grumley's actions were undertaken with fraud, malice or oppression, or with a conscious disregard of the rights of Counter-Plaintiff, and therefore Counter-Plaintiff is entitled to an award of exemplary and punitive damages in an amount according to proof.

SIXTH CAUSE OF ACTION

(Breach of Contract)

31.   Counter-Plaintiff realleges and incorporates paragraphs 1 through 30 of this Counterclaim as if set forth in full herein.

32.   At all times pertinent to this Complaint and Counterclaim, Grumley owed a duty of non-solicitation of employees of THGG expressly and impliedly

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

imposed upon Grumley by contract, which duty Grumley breached as alleged above.

33.   THGG has been damaged in an amount to be proven at trial, but includes the value of services Grumley was paid in excess of the work performed and damages to THGG's business and sales caused by Grumleys actions and omissions, and attorneys' fees and expenses.

WHEREFORE, Counter-Plaintiff prays as follows:

1.   That judgment be entered in Counter-Plaintiff's favor, by way of its counterclaims in an amount to be proven at trial;

2.   That the court disgorge any profits made by Grumley in breach of his duty of loyalty;

3.   That Counter-Plaintiff be awarded its attorney's fees, expenses and costs of suit incurred in defense of this action;

4.   That the court enjoin Grumley from further actions in breach of his duties; and

5.   For such other relief as the Court deems just and proper.

Dated:  September 4, 2007

_____
Laura Stevens
Attorney for Defendant/Counter-Plaintiff
THE HIGHER GEAR GROUP, INC.

//
//
//
//
//
//
//
//

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Defendant, The Higher Gear Group, Inc., hereby requests a trial by jury in all

3

matters triable by jury.

4

Dated:  September 4, 2007

5

6

_____

7

Laura Stevens
Attorney for Defendant/Counter-Plaintiff
THE HIGHER GEAR GROUP, INC.

8

9

10

11



12

13

14

15

16

17

18

19

20

21

22

23

24

25

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



*Exhibit B*

Dan Grumley                                                                                          December 26, 2006

Dear Dan,

This employment offer letter voids any previous employment offers both written and verbalized. This will be in effect December 11, 2006 through January 1, 2008. This letter supersedes any written or verbal arrangements before this date.

The pay structure includes a salary bi-monthly of $7,692.31 ($200,000/year) plus commission. An average retail contract commission is as follows. This could change from time to time.

| Monthly Fee | Term | Fin. Fee | Contract | Fin. Dollars | Contract Buyout | Servers | Install | Training | 180 dms | 90 dy | 00 ocitc | Net | One Time | Comm. Amount | Comm. Percent | Commission |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $2,691 | 39 | 12.6% | $105,222 | (12,103) | 0 | (9,005) | (4,953) | (3,308) | (7,371) | (3,501) | (2,601) | $89,079 | $6,509 | $85,476 | 9% | $5,892.84 |

As part of your new employment contract you will report to James E. Knight. Daily reporting is required and tracking your appointments, visits, and phone calls in our sales tracking software (HG Sales) is part of this agreement and is not an option. You are responsible for averaging a minimum of three contracts per month. Your sales territory is California, Portland, OR and Reno, Nevada.

I am confident that you will make the territory successful. This is our biggest opportunity market and we need to succeed. I have the up most confidence that you can do this and are the right person for the job. In order for The Higher Gear Group to be successful in California I need you to be 100% committed to making this work.

If we hire a sales representative for Southern California LA South your commission structure will decrease from 9% to 4% override on anything sold (excluding any house deals).

Dan below are the goals that need to meet met on a consistent basis and reported on in HG Sales:
- Thirty (30) in-store approaches/cold calls per week in addition to the "inside referrals" generated from the company
- Four (4) in-store presentations per week in addition to the "inside referrals" generated from the company
- Two (2) in-store proposals per week.
You must maintain these numbers as a minimum standard to move The Higher Gear Group, Inc. sales initiatives ahead.

Additional benefits will be supplied to you as follows:
1. A car allowance of $800.00 maximum per month to cover all related vehicle expenses.
2. A Cellular phone with 3,000 minutes a month, unlimited Cingular to Cingular, and Free nights and weekends.
3. A laptop and projector will be supplied with a wireless internet card.
4. All travel expenses are paid by THGG and reservations are done through the office with prior approval.
5. An additional $30 per diem for each 8 hrs. away from your home base with an overnight stay.
6. 401K is offered after 90 days of employment with no company participation.
7. With minimum sales criteria completed, vacation comes one (1) week after the first year, and two weeks after the second year and two (2) weeks each year thereafter.

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI

1

2

3

4   (Ex. C)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**FIRST AMENDED ANSWER AND COUNTERCLAIM**
Grumley vs. THGG Case C07-02849 SI