ERIC C. KASTNER (SBN 53858)
LUIS V. GARCIA (SBN 154861)
KASTNER | BANCHERO LLP
2465 East Bayshore Road, Suite 405
Palo Alto, CA  94303
Telephone:     (650) 967-7854
Facsimile:      (650) 320-9640

Attorneys for  Plaintiff DANIEL GRUMLEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL GRUMLEY, | CASE NO. CV 07-02849 SI |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN** |
| v. | |
| THE HIGHER GEAR GROUP, et al. | Date:   September 21, 2007 |
| Defendants. | Time:   2:00 pm |
| | Courtroom:  19 |
| | Before:  Judge Susan Illston |
| AND RELATED COUNTERCLAIMS. | |

Pursuant to this Court's order and Federal Rule of Civil Procedure 26(f), counsel for all parties conferred on August 20, 21, and 29, 2007 regarding the case and discovery issues.

## JURISDICTION AND SERVICE

1.     **The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and if any parties remain to be served, a proposed deadline for service.**

The court has jurisdiction over the claims and counterclaims of the parties pursuant to 28 U.S.C. §§ 1332 and 1367.  No issues exist regarding personal jurisdiction or venue.  No parties remain to be served.

///

1

1

**FACTS**

2       **2.      A brief chronology of the facts and a statement of the principal factual issues**

3  **in dispute.**

4              Brief Chronology of Facts:

5              The parties agree that THGG terminated Mr. Grumley's employment on May 2,

6  2007, and that a written contract governed their employment relationship.

7              Plaintiff contends Defendant terminated him in direct violation of the express

8  terms of their written employment contract to employ him until January 1, 2008, in direct

9  violation of the defendant's contractual promise not to fire him unless three specified conditions

10 were met (they were not met), and in retaliation for Grumley's demand to be paid his earned

11 wages in full and demand for access to computerized sales information required to calculate his

12 sales commissions.  Plaintiff also contends that after terminating him Defendant has failed to pay

13 all of his earned wages.  As of his termination, Defendant owed Grumley at least $38,533 in

14 unpaid commissions, and four and three-quarter (4 ¾) days of accrued, unused vacation pay.

15 Defendant disputes such contentions.

16             Defendant contends that Grumley was terminated from THGG's employment for

17 reasons it asserted in a termination letter of May 2, 2007.  THGG alleges there is sufficient basis

18 for this termination and that the employment relationship between the parties was governed by a

19 contract dated Dec. 26, 2006, and not prior contracts between the parties dated in prior years.

20 Defendant further alleges that, after Grumley's termination, THGG discovered that Grumley had

21 been conducting his own business during regular business hours, using THGG resources, and

22 had attempted to interfere with THGG's business relations.  Plaintiff disputes such contentions.

23                                   **LEGAL ISSUES**

24      **3.      A brief statement, without extended legal argument, of the disputed points of**

25 **law, including reference to specific statutes and decisions.**

26             a.      Whether the parties' written employment agreement constituted an

27 employment for a specified term under California Labor Code sections 2922 and 2924.

28
_____
2

b.      Whether the termination of Plaintiff's employment constituted a breach of contract.  (Plaintiff, by counterclaim, seeks a judicial declaration of the terms of the parties' employment agreement.)

c.      Whether the termination of Plaintiff's employment constituted a wrongful termination under California law.

d.      Whether or not THGG failed to pay Grumley all earned wages upon his termination as required by California Labor Code § 201 (requiring employer to pay an employee all earned and unpaid wages immediately upon his involuntary discharge). *See* also *DLSE v. UI Video Stores, Inc.* (1997) 55 Cal.App.4th 1084, 1091 ("[T]he term 'wages' should be deemed to include not only the periodic monetary earnings of the employee but also the other benefits to which he is entitled as part of his compensation").

e.      Whether (as Grumley contends and THGG disputes) THGG's failure to pay Grumley's wages was willful in violation of  California Labor Code section 203, authorizing the recovery of unpaid wages plus civil penalties of up to 30 full days of the employee's daily wages (here, $16,667; more, if bonuses are taken into account).

f.      The legal effect of the language of the contract of Dec. 26, 2006. (Plaintiff, by counterclaim, seeks reformation of the 12-26-06 agreement.)

g.      The legal duties of the parties under the contract of Dec. 26, 2006.

h.      The legal duties of the parties under the Non-Competition contract between the parties.

i.      The legal validity of the said Non-Competition contract under California law, and whether it is enforceable against Grumley or is void under law, including California Business and Professions Code § 16600 and/or California Labor Code §§ 2870 and 2871.

j.      The legal duties of the parties under the California Labor Code to devote best efforts and of loyalty.

**MOTIONS**

3

1    **4.    All prior and pending motions, their current status, and any anticipated**

2    **motions.**

3           a.    No prior or pending motions.

4           b.    Defendant and Plaintiff each anticipate filing a motion for summary

5    adjudication.

6                          **AMENDMENT OF PLEADINGS**

7    **5.    The extent to which parties, claims, or defenses are expected to be added or**

8    **dismissed and a proposed deadline for amending the pleadings.**

9           The parties have stipulated that Defendant may amend its Answer solely to add

10   affirmative defenses against Plaintiff's Counterclaims, and to the service of such amended

11   Answer within 20 days after the August 13, 2007 service of Plaintiff's Reply to Counterclaims

12   and Counterclaims.

13                          **EVIDENCE PRESERVATION**

14   **6.    Steps taken to preserve evidence relevant to the issue reasonably evident in**

15   **this action, including interdiction of any document-destruction program and any ongoing**

16   **erasures of e-mails, voice mails, and other electronically-recorded material.**

17          a.    Plaintiff has requested Defendant, and Defendant has agreed, to preserve

18   all evidence relating in any way to the issues raised in this lawsuit, including electronic files on

19   the two computer systems identified in Grumley's Complaint, called "DealTracker" and "HG

20   Sales." Defense counsel has instructed her client not to destroy or delete any of its electronic

21   files, including "Deal Tracker" and "HG Sales" files.

22          b.    Plaintiff's counsel has asked defense counsel to provide a description of

23   the manner in which Defendant's electronic files are organized (including "DealTracker" and

24   "HG Sales") to facilitate anticipated discovery requests to Defendant. Defense counsel has

25   agreed while asking Plaintiff's counsel for written questions or other written description to help

26   her and THGG better understand the kind of information Plaintiff requests; counsel for Plaintiff

27   is working on providing the requested written description.

28

4

**DISCLOSURES**

    **7.**    **Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.**

    a.    Plaintiff served his initial disclosures upon Defendant on August 29, 2007, although as of this writing on Sept. 4, 2007, Defendant's counsel has not received said disclosures.

    b.    Defendant served all documents which are not confidential on Aug. 31, 2007 and is prepared to serve all further materials upon Plaintiff's agreement to a protective order.

    c.    Defendant requests the entry of a protective order prior to serving some (although not all) of its disclosure documents. Plaintiff agrees in principle. Defense counsel first raised this issue on August 22, 2007, and emailed Plaintiff's counsel a proposed stipulated protective order on August 28, 2007. Plaintiff's counsel is reviewing it with his client and anticipates forwarding a revised version to defense counsel shortly.

**DISCOVERY**

    **8.**    **Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).**

    1.    The parties have not conducted discovery to date.

    2.    <u>The parties agree as follows:</u>

    a.    The parties agree to the use of all standard forms of written discovery (interrogatories, requests for admissions, and document requests and inspection demands).

    b.    The parties agree to conduct depositions of the parties and witnesses as necessary pursuant to FRCP. Depositions are to include those of Plaintiff, Defendant's Person(s) Most Qualified, and Defendant-affiliated persons Robert Gruen (THGG's Chief Executive Officer) and Jim Knight (THGG Vice President to whom Grumley reported).

5

1    c. The parties anticipate the need for third party discovery (including by

2 deposition and subpoena) but have not yet identified such third parties at this early stage in

3 litigation.

4    3. <u>In addition to the above, Plaintiff proposes the following discovery plan on the</u>

5 <u>following necessary subjects:</u>

6    a. Plaintiff's sales.

7    b. Plaintiff's customer contacts.

8    c. Plaintiff's work related to THGG including travel on its behalf.

9    d. THGG's policies, including its employment policies, costs reimbursement

10 policies, sales policies, and retail sales standards.

11    e. Plaintiff's communications with others in THGG or regarding THGG, and

12 THGG's internal and external communications concerning Plaintiff.

13    f. THGG's recognition of Plaintiff's level of sales during his THGG tenure.

14    g. The area and scope of Plaintiff's contractually assigned geographic sales

15 territories over the course of his tenure with THGG.

16    h. Documents and other evidence including electronic evidence, reflecting

17 sales by Plaintiff and others in his contractual sales territories.

18    i. Data from HG Sales and DealTracker, including electronically stored

19 information (FRCP 34(a)) concerning sales by Plaintiff or other THGG salespersons inside of

20 Plaintiff's contractual geographic territories, including potentially the recovery of existing as

21 well as deleted electronic files.

22    j. The functioning and maintenance of HG Sales and of DealTracker, who

23 had access to them, and the type of access they had and when (e.g., who was authorized to view,

24 create, delete or change data, etc., with regard to DealTracker).

25    k. Correspondence and contacts among Plaintiff, THGG, and THGG's

26 customers regarding Plaintiff or sales in his territories.

27

28

6

1         l.     Whether and when THGG has implemented Web-based training;

2 electronic, audio and/or video recordings used by THGG in connection with web-based training,

3 if any.

4         m.     Discovery of evidence tending to support, refute, or concern the six causes

5 of action THGG alleges in its Counterclaims (breach of employment contract, breach of duty of

6 loyalty, breach of competence and diligence, trespass to chattels, interference with contract, and

7 breach of non-solicitation contract).

8         n.     Such other subjects of discovery as the parties and/or the Court may see

9 fit.

10     Defendant concurs in most of the areas of discovery identified by Plaintiff.

11       The parties are actively working on mutual agreements regarding the handling of

12 the disclosure or discovery of electronically stored information (such as that related to

13 DealTracker and HG Sales). However, Plaintiff proposes that such disclosures and discovery of

14 electronically stored information be made, in the first instance, by its production to the receiving

15 party on compact disk, with a reservation of rights to seek further information and/or inspection,

16 including inspection of the relevant hard disks, servers, or other electronic storage devices, as

17 may become necessary.

18       Defendant asserts that both DealTracker and HG Sales are proprietary,

19 confidential business systems and discovery must be carefully controlled to protect THGG's

20 interests such that only relevant information in those systems is discovered and the codes,

21 operating systems and other confidential source information is protected.

22       If the Court imposes a cap on interrogatories, Plaintiff proposes a maximum

23 number of 50 interrogatories by each party to any other party.

24       Plaintiff further proposes disclosure of experts under Rule 26(a)(2) to be due not

25 later than 60 days before trial.

26                        **CLASS ACTIONS**

27     **9.     If a class action, a proposal for how and when the class will be certified.**

28                            7

1       Not applicable.

2                                   **RELATED CASES**

3       **10.     Any related cases or proceedings pending before another judge of this court,**

4    **or before another court or administrative body.**

5       No related cases or proceedings are known to Grumley, THGG, or their counsel.

6                                      **RELIEF**

7       **11.     All relief sought through complaint or counterclaim, including the amount of**

8    **any damages sought and a description of the bases on which damages are calculated.  In**

9    **addition, any party from whom damages are sought must describe the bases on which it**

10   **contends damages should be calculated if liability is established.**

11      <u>Plaintiff seeks by his Complaint:</u>

12      1.  A judicial determination that his employment agreement with THGG

13      was a contract of employment for a specified term under California Labor Code

14      §§ 2922 and 2924 and that his termination violates Plaintiff's rights under those

15      statutes.

16      2.  A judicial determination that Plaintiff is contractually and statutorily

17      entitled to fulfill the term of his employment contract with full payment thereof

18      based upon his base salary and average monthly commissions.

19      3.  A judicial determination that THGG's refusal to pay Plaintiff's earned

20      wages violates California Labor Code §§ 201, 203, and 216.

21      4.  A judicial determination that Plaintiff relied detrimentally upon

22      Defendant's clear promises of guaranteed employment and payment through

23      January 1, 2008, such that Defendant is estopped to deny Plaintiff's contractual

24      performance or its indebtedness to Plaintiff (by contract and under Defendant's

25      promises to him).

26      5.  A judgment against Defendant in the amount of:

27          a.  $465,153, plus interest thereon at the legal rate;

28                                          8

---
**JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN –**
Grumley v. The Higher Gear Group - CASE NO. CV-07-02849 SI

1         b.  Attorneys' fees, costs and expenses under law, including

2 California Labor Code §§ 218.5 and 218.6; and

3         c.  $555.56 daily up to $16,666.67 in penalties under California

4 Labor Code § 203 (authorizing civil penalties).

5         6.  An order requiring Defendant to account to Plaintiff for all money it

6 received for sales in Plaintiff's contractual geographic territories during the term

7 of Plaintiff's contractual employment (April 30, 2004 to January 1, 2008), and the

8 entry of judgment against Defendant for the amount of commissions found due

9 under the parties' contract for payment of commissions to Plaintiff.

10         7.  General damages on Plaintiff's Second, Third and Sixth Causes of

11 Action in an amount to be established at trial; waiting time penalties under the

12 Third Cause of Action; and exemplary damages under the Sixth Cause of Action.

13 Plaintiff seeks by Counterclaim:

14         1.  A judicial determination that the confidentiality, non-competition and

15 non-solicitation agreement Plaintiff entered into with THGG violates California

16 Business and Professions Code § 16600 and/or California Labor Code §§ 2870

17 and 2871, and is void and of no force and effect.

18         2.  Reformation of the 12-26-06 agreement to reflect the parties' true

19 intent.

20 Defendant and Counterclaimant THGG seeks, by Counterclaims:

21         1.  That the Court order that Plaintiff disgorge any profits allegedly made

22 by Plaintiff in breach of his duties under the California Labor Code to THGG.

23         2.  Attorney's fees, expenses and costs.

24         3.  Injunction against Plaintiff from alleged actions in breach of his duties.

25 **SETTLEMENT AND ADR**

26

27

28       9

1  **12.    Prospects for settlement, ADR efforts to date, and a specific ADR plan for**

2  **the case, including compliance with ADR L.R. 3-5 and a description of the key discovery or**

3  **motions necessary to position the parties to negotiate a resolution.**

4  The parties are in active discussion for private ADR, have stipulated to private

5  mediation through JAMS unless another provider is agreed upon, and the Court has so ordered

6  private meditation to be completed by November 14, 2007.

7  **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

8  **13.    Whether all parties will consent to have a magistrate judge conduct all**

9  **further proceedings including trial and entry of judgment.**

10  The parties have not consented to a magistrate judge.

11  **OTHER REFERENCES**

12  **14.    Whether the case is suitable for reference to binding arbitration, a special**

13  **master, or the Judicial Panel on Multidistrict Litigation.**

14  The parties agree this case is not suitable for reference to binding arbitration, a

15  special master, or the Judicial Panel on Multidistrict Litigation.

16  **NARROWING OF ISSUES**

17  **15.    Issues that can be narrowed by agreement or by motion, suggestions to**

18  **expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts),**

19  **and any request to bifurcate issues, claims, or defenses.**

20  Not applicable at the present time to the parties' knowledge.

21  **EXPEDITED SCHEDULE**

22  **16.    Whether this is the type of case that case be handled on an expedited basis**

23  **with streamlined procedures.**

24  Not applicable.

25  **SCHEDULING**

26  **17.    Proposed dates for designation of experts, discovery cutoff, hearing of**

27  **dispositive motions, pretrial conference and trial.**

28

10

1        a.     Plaintiff and Defendant disagree on the desired trial date.  Plaintiff desires

2   a May 2008 trial date.  Defendant's counsel is scheduled for trial in Alameda County Superior

3   Court in the Spring – Summer of 2008, for a trial that will last more than three weeks.  That

4   matter will go to trial because it will reach its five year statute in August, 2008.  The exact date is

5   not set, but Judge Bonnie Sabraw, before whom that matter is set, has indicated the case will be

6   set in the time frame indicated. On that basis, counsel for THGG asks for a trial date after Labor

7   Day, 2008. .

8        b.     Plaintiff proposes that discovery continue until 30 days before the date set

9   for trial; that experts be disclosed not later than 60 days before the date set for trial; that rebuttal

10   experts be disclosed not later than 40 days before such date; and that expert discovery be

11   concluded 15 days before such date.

12        c.     Plaintiff proposes that dispositive motions be heard not later than 90 days

13   before the date set for trial.

14                 **TRIAL**

15   **18.**    **Whether the case will be tried to a jury or to the court and the expected**

16   **length of trial.**

17        a.     Plaintiff and Defendant have each requested a jury for those matters that

18   are triable to a jury.

19        b.     Plaintiff and Defendant disagree on the expected length of trial.  Plaintiff

20   anticipates the trial can be completed in 5 days.  Defendant estimates 9 days.

21      **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

22   **19.**    **Whether each party has filed the "Certification of Interested Entities or**

23   **Persons" required by Civil L.R. 3-16.  In addition, each party must restate in the case**

24   **management statement the contents of its certification by identifying any persons, firms,**

25   **partnerships, corporations (including parent corporations) or other entities known by the**

26   **party to have either:  (i) a financial interest in the subject matter in controversy or in a**

27

28                  11

1  party to the proceeding; or (ii) any other kind of interest that could be substantially

2  affected by the outcome of the proceeding.

3              Plaintiff and Defendant  each have filed a Certification of Interested Entities or

4  Persons.  Neither party knows of any person, firms, partnerships, corporations or other entities to

5  have either a financial interest in the subject matter in controversy or in a party to the proceeding,

6  or any other kind of interest that could be substantially affected by the outcome of the

7  proceeding.

8                              **MISCELLANEOUS**

9       **20.    Such other matters as may facilitate the just, speedy an inexpensive**

10  **disposition of this matter.**

11              None presently known.

12

13  Date: 9/5/07                          KASTNER | BANCHERO LLP

14

15                                        By_____

16                                             LUIS V. GARCIA
                                             Attorneys for Plaintiff

17  Date:    September 4, 2007            LAURA STEVENS, ESQ.

18
                                          Laura Stevens  Digitally signed by Laura Stevens
19                                        By_____  DN: CN = Laura Stevens, C = US
                                                            Date: 2007.09.04 18:45:11 -07'00'

20

21

22

23

24

25

26

27

28                              12

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN –
Grumley v. The Higher Gear Group - CASE NO. CV-07-02849 SI