Laura Stevens, Esq. (SBN 64643)
Attorney at Law
2831 Telegraph Ave.
Oakland, CA 94609
Telephone: (510) 849-0381
Facsimile: (510) 849-0382

Attorneys for Defendant
THE HIGHER GEAR GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GRUMLEY,<br><br>     Plaintiff,<br><br>v.<br><br>THE HIGHER GEAR GROUP, INC.,<br><br>     Defendant. | No. C07-02849 SI<br><br>STIPULATED PROTECTIVE ORDER |

WHEREAS, the parties hereto are conducting discovery, which includes depositions, production of documents and responses to interrogatories;

WHEREAS, certain documents may contain private and confidential information and/or sensitive and confidential business information or trade secrets; and

WHEREAS, plaintiff and defendant seek to reasonably limit the disclosure of such information which may be exchanged now and in the future during this litigation,

IT IS HEREBY AGREED AND STIPULATED THAT:

1.     Certain private, business or other confidential documents contain information which may be directly relevant to the subject matter of this litigation, but which one or both parties may contend implicates privacy and confidentiality interests of

STIPULATED PROTECTIVE ORDER

the parties to this action or of third parties, potentially including but not limited to documents containing proprietary business information and trade secrets of Defendant The Higher Gear Group, Inc. As set forth therein, said information so designated by the parties shall be marked "Confidential" and sealed as the court permits.

2. The designation of information as "confidential" pursuant to this Order shall not be construed as a concession by any party that such information is relevant or material to any issue, or in fact is confidential, proprietary, or a trade secret. In addition, a party's failure to object to the "confidential" designation at the time of production does not waive that party's right to object to the designation later in the litigation including up to and through trial in the form of a motion *in limine* or by other appropriate procedure.

3. Said information shall be held in confidence by each person to whom it is disclosed, shall be used solely in preparation for trial or in trial of this lawsuit, shall not be used for any business purposes whatsoever, and shall not be disclosed to anyone except for the following categories of "qualified persons":

    a. The Court and its personnel

    b. Counsel to parties, including inside or house counsel, and their employees;

    c. Persons not retained by counsel, whether paid or not, to assist in the preparation of this case, including but not limited to, accountants, economists, statisticians, and other types of experts;

    d. Plaintiff;

    e. Officers, directors and employees of the receiving party to whom attorneys for the receiving party determine in good faith it is necessary that the documents be shown for purposes of this litigation. Prior to receiving documents or information designated

1                      as Confidential, each such corporate representative shall sign a
2                      written acknowledgment (attached as **Exhibit A**) that such
3                      representative has read and agrees to abide by this Order;
4        f.        Witnesses, Court reporters and videographers in connection with
5                      the recording of sworn testimony in these proceedings.
6        g.        Any person who prepared or originated the document, who is
7                      indicated on its face as a recipient of a copy, or who has otherwise
8                      legitimately received or had access to the material contained
9                      therein.

10     4.     The aforesaid information can be disclosed to a person other than a
11 qualified person (i.e., to a "third party"), however, the party seeking disclosure must
12 provide a copy of this Stipulated Order to such other person, and before disclosing the
13 confidentially designated information obtain his or her written agreement to abide by the
14 terms hereof in the form of Exhibit A. If said information is disclosed to a third party,
15 counsel shall make reasonable arrangements to ensure that only the third party and
16 qualified persons are present at the time of the disclosure.

17     5.     The parties may agree in writing or on the record, without further order of
18 this Court, to allow disclosure of documents or information to an individual who
19 otherwise would not be authorized to receive such documents or information hereunder.

20     6.     Counsel for any party (the "**Objecting Party**") may at any time serve a
21 notice of his/its written objection to any confidentiality designation upon counsel for the
22 proponent of the designation. The parties shall attempt to resolve any such dispute in
23 good faith. The Designating Party shall respond by providing facts establishing that the
24 disputed information is (1) financial information, trade secrets, confidential research,
25 development, marketing, internal review or personal, and/or private information (2)

26
27 **STIPULATED PROTECTIVE ORDER**          ˜3˜
28

1 which is subject to protection under Federal or California State law. If such attempt to
2 meet and confer is unsuccessful, it shall be the burden of the Designating Party to file a
3 noticed motion with the Court and to establish to the Court that the contested material is
4 confidential under Federal or California law.

5   7.   If any such dispute is submitted to the Court, the documents or information
6 referred to in such notice of motion will retain their confidentiality designation until a
7 ruling by the Court, and thereafter shall be designated in accordance with such ruling.
8 Such documents or information designated Confidential shall be submitted to the Court
9 under seal as lawfully permitted. The Court shall make an independent determination
10 as to whether any disputed information is to be protected from public disclosure.

11   8.   The restrictions of this Order shall cease to apply to any information once
12 it becomes public knowledge other than by act or omission of a party to whom such
13 disclosure is made. The terms of this Order shall not affect the right of any person to
14 seek whatever further relief is available under applicable law, or to seek appropriate
15 amendments to this Order as dictated by the experience of the parties in operating
16 under its present term.

17   9.   In the event anyone shall violate or threaten to violate any terms of this
18 Protective Order, the aggrieved party may seek injunctive relief and it shall not be a
19 defense thereto that the aggrieved party possesses an adequate remedy at law. Failure
20 to make diligent efforts to abide by the terms hereof may at the court's discretion be
21 grounds for imposition of sanctions, without limitation on any other rights of persons or
22 entities affected.

23   10.   All persons subject to the terms of this Protective Order agree that this
24 Court shall retain jurisdiction over them for the purpose of enforcing this Protective
25 Order.

26
27 **STIPULATED PROTECTIVE ORDER**                ˘4˘
28

1       11.     This Stipulation and Protective Order may be signed in counterpart by the parties' respective counsel and when signed shall become binding and effective as to each such party.

        12.     The parties agree that this Protective Order shall take effect upon signature, and that the Order of the Court adopting the Stipulation shall be deemed to be retroactive to the date counsel sign this document.

Dated: September 6, 2007             Kastner / Banchero LLP

                                     By: _____
                                         Luis V. Garcia
                                         Attorneys for Plaintiff

Dated: September 5, 2007             Laura Stevens, Esq.

                                     By: Laura Stevens
                                         Digitally signed by Laura Stevens
                                         DN: CN = Laura Stevens, C = US
                                         Date: 2007.09.05 19:00:08 -07'00'
                                         _____
                                         Laura Stevens, Esq.
                                         Attorney for Defendant,
                                         The Higher Gear Group, Inc.

## ORDER

The Stipulated Protective Order entered into between the parties in the case of <u>Grumley v. The Higher Gear Group, Inc.</u>, U.S. District Court, Northern District of California, Case No. C07-02849 JL, is hereby approved and so ordered.

Dated: _____      _____
                                     United States District Court Judge

**STIPULATED PROTECTIVE ORDER**                -5-

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full or type full address], declare under penalty of perjury, under the laws of the United States of America, that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Northern District of California, on (date) _____ in the case of Daniel Grumley v. The Higher Gear Group, Inc., Case No. C07-02849 SI.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the federal district court in and for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

_____
City and State where sworn and signed

Printed name:

**STIPULATED PROTECTIVE ORDER**                    ˜6˜

1           [ name]

2  Signature:

3           [signature]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  **STIPULATED PROTECTIVE ORDER**    ˘7˘

28